CARVER v. LEDBETTER et al.

(Court of Civil Appeals of Texas. Amarillo. March 30, 1912. Rehearing Denied May 4, 1912.)

1. VENDOR AND PURCHASER (§ 230*)—NOTICE TO PURCHASER—RECITALS IN DEED.

A deed to land belonging to a wife recited that she, joined by her husband, in consideration of $12,540 in hand paid by the grantee, the receipt whereof was acknowledged, and the further assumption by the grantee of the balance of the purchase price due the state, granted, sold, and conveyed the land to the grantee, etc. *Held,* that such recitals were sufficient to impart notice to the grantee that the property was the separate property of the wife, and that the husband had no authority to deposit the deed as a forfeit to secure his performance of a contract to purchase certain merchandise from the grantee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. § 230.*]

2. VENDOR AND PURCHASER (§ 228*)—BONA FIDE PURCHASER—WIFE'S SEPARATE PROPERTY—FRAUD OF HUSBAND.

A wife owning certain separate real property executed with her husband a deed conveying the same to defendant C., in consideration of $12,540, and the grantee's agreement to assume the grantor's indebtedness for the balance of the purchase money to the state. The deed was executed pursuant to an agreement that C. was to pay $1,440 of the consideration in cash, and the remainder in a stock of merchandise. The husband placed the deed in escrow, and thereafter deposited it with the grantee as a forfeit to secure his performance of the contract to purchase the goods, and, this not having been performed, the grantee held the property as a forfeit, without having paid any part of the purchase money, or parted with anything of value. *Held,* that the grantee was not an innocent purchaser for value, and, the husband having delivered the deed fraudulently and without authority, the grantee was not entitled to enforce the same.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. § 228.*]

Appeal from District Court, Hardeman County; S. P. Huff, Judge.

Trespass to try title by J. E. Ledbetter

and others against O. B. Carver, in which defendant filed a cross-action of trespass to try title, making Minnie H. Jones and her husband, Willis A. Jones, defendants, who by their answer attacked the conveyance of the land to Carver; and from a judgment in favor of Mrs. Jones and her husband defendant Carver appeals. Affirmed.

Morrow & Morrow, of Hillsboro, for appellant. M. M. Hankins and D. E. Magee, both of Quanah, and Stephens & Miller, of Ft. Worth, for appellees.

PRESLER, J. J. E. Ledbetter instituted this suit in the form of trespass to try title to recover from O. B. Carver a certain tract of land situated in Hardeman county. The defendant, Carver, answered by general demurrer, general denial, and plea of not guilty, and further filed a cross-action for trespass to try title, making Mrs. Minnie Humphrey Jones and her husband, Willis A. Jones, parties defendant. By her answer Mrs. Jones attacked the conveyance of the land to the defendant Carver for fraud of her husband, alleging that the land was her separate property, and that no part of the consideration named in the deed had ever been paid, and in her prayer sought the cancellation of this deed. The plaintiff appears to have taken a nonsuit, and upon the trial the court instructed a verdict for the defendants, Mrs. Jones and her husband, and from the judgment based upon this verdict the defendant Carver has appealed.

The evidence undisputably supports Mrs. Jones' allegations that the land was her separate property; that she executed the deed of conveyance along with her husband upon the express understanding that $1,440 of the consideration was to be paid in cash, and the remainder in a certain stock of merchandise, and that the deed was not to be delivered upon any other terms; that the husband had placed the deed in escrow, and that the same had been delivered to Carver without payment of any of the consideration whatever. The deed in question is as follows: "The State of Texas, County of Hardeman. Know all men by these presents that we, Minnie Jones (formerly Minnie Humphrey), joined herein by her husband, Willis A. Jones, of the county of Hardeman, state of Texas, for and in consideration of the sum of $12,540.00/100 to us in hand paid by O. B. Carver, the receipt of which is hereby acknowledged and the further consideration of the assumption by grantee herein of the balance of the purchase money due the state of Texas, on the hereinafter described land, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said O. B. Carver of the county of Hill, state of Texas, all that cer-

tain tract of land, and being situated in Hardeman county, Texas, about eight miles northwest from Quanah, in said Hardeman county, Texas, and being all of section No. 240, Block H, surveyed for the common school fund by virtue of certificate No. 1/120, issued to the W. & N. W. R. R. Co. and containing all the land in said section." Then follows the usual habendum and warranty clauses of a deed of general warranty. This deed is dated the 28th day of May, A. D. 1908, signed Minnie Humphrey Jones, Willis A. Jones, and was duly acknowledged.

[1] We think the recitals in the deed are sufficient (if the question of notice to Carver of the fraud practiced on the wife and of the fact that the property dealt with was her separate property be a material inquiry in this case) to have put Carver upon inquiry, which, if pursued with any reasonable degree of diligence, would have resulted in his knowledge of her separate ownership of the property and of the fraud practiced on her by her husband. Scoggin v. Mason, 46 Tex. Civ. App. 480, 103 S. W. 834, and cases there cited.

[2] It further appears from the evidence that on the 30th day of May the husband, Willis A. Jones, together with one C. W. Cecil, as parties of the second part, made and entered into a contract with appellant to buy a certain stock of merchandise and to give in payment therefor the land in controversy and a 140-acre tract, to be furnished by the said Cecil, and it does not appear by the terms of said contract that any cash was to be paid certainly and unconditionally by appellant for the land in controversy. It also apears from the evidence that the deed of Mrs. Jones and her husband, Willis A. Jones, was deposited by him as a forfeit to insure the carrying out of the contract referred to by the parties of the second part and possession of said deed was secured by appellant as a forfeit because of the alleged failure of the parties of the second part to comply with their undertaking, and without having paid any consideration for the same or parted with anything of value therefor. We do not believe that under the facts as shown by the record and the law applicable thereto that appellee's husband, Willis A. Jones, was authorized to use the deed as a pledge of good faith on the part of himself and Cecil in the carrying out of said contract, or that appellant acquired any title to the land in controversy under said deed so acquired as a forfeit because of the alleged failure of said Jones and Cecil to comply with their contract to purchase said merchandise. Having paid no part of the purchase money or parted with anything of value and holding under a conveyance assailed on the ground of fraud, he is in no position to claim that he is an innocent purchaser, and it is, in fact, difficult to say upon what right he bases any claim whatever to the land. As stated in 2 Pom. Eq. pars. 899–918: "The destructive effect of fraud upon any contract, conveyance, or other transaction is so essential and far reaching that no person, however free from any participation in fraud, can avail himself of what has been obtained by the fraud of another, unless he is not only innocent, but has given some valuable consideration." And in Simpson v. Del Hoyo, 94 N. Y. 194, the court in discussing the rights of an innocent purchaser in protection against fraud, says: "The fraud being established, it will be incumbent upon plaintiff to show satisfactorily how he came by the mortgage, and that he took the same for value, and, in order to give him the protection of the principles of law, we lay it down that the court must find not only that he purchased the mortgage for value, but that he purchased it innocently and in good faith." 24 Am. & Eng. Enc. of Law (2d Ed.) 625; Baker v. Lever, 67 N. Y. 304, 23 Am. Rep. 117; Thomas v. Sweet, 111 Ky. 467, 63 S. W. 787, 65 S. W. 827; Martin v. Robinson, 67 Tex. 381, 3 S. W. 550.

We therefore conclude that the court properly instructed a verdict for Mrs. Jones, and that the judgment of the trial court should be in all things affirmed; and it is accordingly so ordered.

HALL, J., not sitting.