## McDONALD et al. v. SIMONS et ux.[*]
### (No. 188.)

(Court of Civil Appeals of Texas. Waco.
March 12, 1925. Rehearing Denied
April 16, 1925.)

Homestead ⟨⟩118(4)—Wife held entitled to cancellation of deed to homestead on ground of fraud.

Where wife signed deed to homestead on promise that, in consideration therefor, purchasers would pay $500 in cash and convey to her husband, clear of debt, a house and one acre of ground, and would discharge mortgage lien on homestead and thereafter, without her knowledge but with knowledge of husband and purchasers, entire consideration was changed, and house and lot conveyed was subject to a large debt, and promised $500 was not paid, held, that fraud was perpetrated on wife, and she was entitled to have deed canceled.

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

Suit by W. E. Simons and wife against D. P. McDonald and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

H. E. Chesley, of Hamilton, for appellants.
A. R. Eidson and A. E. Nabors, both of Hamilton, for appellees.

BARCUS, J. Appellees filed this suit against appellants for the title and possession of 199 acres of land in Hamilton county. Appellees alleged that on or about December 11, 1922, they were the owners of the land in fee simple, occupying and using same as their homestead; that on said date they executed a deed to the land to appellants for a recited consideration of $4,000, to be paid $500 in cash and $3,500 to be paid by the conveyance by appellants to appellees of one acre of land with a house thereon, situated in Avalon, Ellis county, Tex., free of incumbrance, and, in addition, that appellants were to pay off and discharge a $1,300 lien on the land in Hamilton county. Appellees alleged that appellants had failed and refused to execute the deed as promised to the Avalon property, and had failed to pay the $500 cash or to pay the mortgage debt of $1,300, and by reason thereof appellees alleged they were entitled to have the deed which they had

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted June 3, 1925.

executed to appellants ·canceled. By a supplemental petition, appellee Mrs. Simons alleged that she executed the ,deed to be delivered to appellants only upon the payment by them of the consideration named therein, and that appellants knew of said conditions, and she alleged the delivery of said deed without the payment of the consideration therein named was unauthorized and constituted fraud on her. Se alleged that said property was at all times her homestead. Appellees prayed for the cancellation of said deed and that the cloud on their title be removed.

Appellants answered by a general demurrer, general denial, plea of not guilty, and alleged that appellee W. E. Simons had shown them the wrong land when they traded, that the land shown them was worth $1,500 more than the land conveyed. They alleged that after the appellees had executed their deed to appellants defects in the title were discovered thereto which required $840 to remove, and that appellee Simons had agreed to accept the deed to the Avalon property with a note against it for $840, and had also executed another note against said property for $1,500 to cover the loss occasioned by Simons having shown McDonald the wrong tract of land when he made the trade. Appellants further plead estoppel and waiver on the part of appellees.

The cause was submitted to a jury on special issues, and the jury found that appellants had never tendered or delivered to appellees a deed to the tract of land in Ellis county, in accordance with the terms, stipulations, and conditions of the contract made between appellees and appellants, and that appellants never paid the $500 cash payment. They further found that Mrs. Simons, at the time she executed the deed, 'did not have any knowledge or information that the land in Ellis county was incumbered with a vendor's lien for $840, and that she never ratified same. Based on the findings of the jury and the additional findings of the court, judgment was rendered for appellees, canceling the deed to the 199 acres of land, and quieting title to same in appellees.

The land in controversy was the homestead of appellees, and had been for a long number of years. When Mrs. Simons executed the deed she was· told that, in consideration of her executing the deed, she and her husband would get a house and one acre of land in Avalon, valued at $3,500, clear, and $500 in cash, and appellants knew of said representations. In connection with the execution of the deed, a contract was prepared and signed by both Mr. Simons and Mr. McDonald, reciting said consideration, and McDonald and his wife at the same time executed a deed to the property in Avalon, reciting a $3,500 cash consideration, and the two deeds, together with the contract, were deposited in the bank in escrow, to be delivered to the

respective parties when the titles were approved. After Mrs. Simons had so signed and acknowledged the deed, without any knowledge on her part, but with the knowledge and consent of her husband, the deed to the Ellis county property was changed so that same retained a vendor's lien for $840 against the property, and· before appellants would accept the title they required appellee Simons, without his wife's knowledge or consent, to give a further lien against the property in Avalon to secure an additional $1,500, which appellants claimed was the difference in the value of the land shown him by Simons and the land actually conveyed to them by Simons and wife; the net result being that the $500 cash was never paid, and the property in Avalon was conveyed to Simons with a $2,340 debt against it.

Where a wife is induced to execute a deed to her homestead on the promise that she is to receive a certain ·definite consideration therefor, and the purchaser knows of the conditions on which the wife was induced to execute the deed, a failure to pay the consideration is a fraud perpetrated upon the married woman, which is sufficient for her to have the deed canceled. Before a homestead can be sold, it is necessary for the wife to join in the deed, and the consideration paid and to be paid is an essential element for the execution thereof, and, where the consideration which is to be paid in consideration of her executing the deed is misrepresented and the purchaser knows thereof, the deed is not binding, and she has the right to have said deed canceled and the sale rescinded. Scoggin v. Mason, 46 Tex. Civ. App. 480, 103 S. W. 831; Carver v. Ledbetter (Tex. Civ. App.) 147 S. W. 348; Gill v. Flynn (Tex. Civ. App.) 175 S. W. 853 (writ refused); Miller v. Flattery (Tex. Civ. App.) 171 S. W. 253.

Appellee Mrs. Simons, ·at the time she signed the deed to her homestead, did so on the faith and belief that in consideration therefor appellants would pay $500 in cash and convey to her husband, clear of debt, a house and one acre of ground in Avalon, Tex., and would discharge the mortgage lien of $1,300 against the property in Hamilton county. After she had been induced to sign and acknowledge the deed with the promise that said consideration would be paid before the deed was delivered, the entire consideration was changed, and, instead of getting a home in Avalon that was clear of debt and $500 in cash, the house and lot in Avalon was conveyed with a debt against it of $2,340, and the $500 was not paid. The conditions under which the deed was obtained from Mrs. Simons were, in law, .fraudulent, and appellants, knowing of the fraud that had been perpetrated on Mrs. Simons, are not in a position to claim the property as innocent purchasers. Under the facts in this case, Mrs.

Simons was entitled to have the deed canceled.

We have carefully examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.