HOME CIRCLE SOCIETY OF GOLIAD AND REFUGIO COUNTIES V. G. B. HANLEY, ADMINISTRATOR.

Decided March 24, 1905.

**Benefit Society—Death of Beneficiary Before Member—Lapse of Death Benefit.**

Where the object of a fraternal, charitable and benevolent society was to provide for the payment, on the death of a member, of a stipulated sum to such beneficiary as the deceased may have designated while living, and the laws of the society provide that the member may name any person without restriction as the beneficiary and prescribe the means by which a member can change the named beneficiary, but make no provision for payment in case a designated beneficiary dies first and no other is named by the member, the benefit fund in case of such failure to name another beneficiary lapses to the society, and can not be recovered by the administrator of the member after the latter's death. Following Screwmen's Association v. Whitridge, 95 Texas, 539.

Appeal from the District Court of Goliad. Tried below before Hon. James C. Wilson.

*J. C. Burns* and *G. E. Pope,* for appellant.

The briefs of counsel in this case failed to reach the hands of the reporter.

GILL, ASSOCIATE JUSTICE.—This suit was brought by G. B. Hanley, as administrator of the estate of Mrs. Irene Angerstine, deceased, against the Supreme Council of the Home Circle Society of Texas and the Home Circle Society of Goliad and Refugio Counties, to recover upon a benefit certificate issued to deceased by the last-named society and payable to her husband, J. F. Angerstine, as the beneficiary named therein.

The defendants met the allegations by a plea to the jurisdiction of the court, on the ground that the sum claimed was fraudulently alleged in that amount for the purpose of giving the District Court jurisdiction, and that plaintiff had no right to maintain the action in the capacity in which he sued. The plea in bar was a general denial.

A trial to the court without a jury resulted in a judgment for plaintiff for $400 against the Home Circle Society of Goliad and Refugio Counties, and the Supreme Council was acquitted of liability. From this judgment the local society has appealed. There are no briefs for appellee.

The first two grounds presented for reversal are the refusal of the court to sustain the plea to the jurisdiction and in abatement. Without further statement or discussion, we overrule the assignments addressed to these two points.

Appellant further contends that there can be no liability under the facts, because it was not an insurance company, but a charitable organization. That the death benefit certificates issued to its members were not required to be paid to any particular class dependent upon or related to the member. That any person might be named as beneficiary at the option of the member, and the benefit was contracted to be paid only in case the option to name was exercised by the member, and

only to the beneficiary so named. That the beneficiary named in the certificate sued on died before the member to whom it was issued, and that no other beneficiary was thereafter named, and therefore the member's interest in the benefit fund lapsed to the order.

It appears from the evidence in this case that the Home Circle Society of Goliad and Refugio Counties is a fraternal, charitable and benevolent society (incorporated), having for its object "to pledge the members to the payment of a stipulated sum, not to exceed $750, to such beneficiary as deceased may have designated while living, under such restrictions and upon such conditions as the laws of the society may prescribe." The amount due the beneficiary shall be one dollar for each member in good standing at the time of the death of the member. When a person joins the society he is required to pay, in addition to the initiation fee of $2.25, the sum of one dollar in advance to meet the death loss occurring next after he becomes a member. When a death amongst the members of the society occurs, the amount held by the treasurer to meet the next death loss (being one dollar for each member of the society in good standing, collected in advance assessment, as above indicated) is at once paid to the beneficiary named in the certificate of the dead member. Immediately after the payment of a death loss the board of directors are required to levy an assessment of one dollar upon each member of the society to provide a fund to meet the next death loss. Members failing to respond to the assessment in fifteen days are suspended, and entitled to no further benefits of the society. Members can not be required to pay more than one dollar for each death loss, this limitation of liability being contained in the supreme and subordinate constitutions of the society, and this is collected in advance of each death.

J. F. Angerstine, the beneficiary, and Irene Angerstine, the insured party, respectively, in the certificate sued upon, were husband and wife, and were both insured in defendant society, each in favor of the other. They were both fatally injured in the cyclone which visited Goliad on the 18th of May, 1902. J. F. Angerstine died from his injuries on May 19, 1902, and at the time of his death there were five hundred and fifty-two members in good standing and $552 in the hands of the treasurer of the society to meet the loss caused by his death. Irene Angerstine, his wife, was the beneficiary named in his certificate, and the amount due upon same was promptly paid to the parties entitled to it. On the following day, May 20, Mrs. Irene Angerstine died from the effects of her injuries.

The certificate sued upon, attached to the petition as an exhibit, is as follows:

"No. 61.    Home Circle Society of Goliad, Texas, Sept. 19, 1901.

"This certifies that Irene Angerstine is this day admitted a member of this society, subject to the following conditions:

"First.—That the said Irene Angerstine agrees to pay assessments levied by the directors of one dollar upon the death of each member, and not to exceed eighty-five cents a year for expenses, within fifteen days after date of call, but no part of said eighty-five cents will be collected until a death occurs, and then only such part as may be called

by the local board; and agrees further, that failure to pay any assessment so levied within fifteen days from date of call shall forfeit all claims as a member of this society.

"Second.—That the said Irene Angerstine agrees to the stipulation that this certificate shall only bind the society to pay J. F. Angerstine the sum of one dollar for each member in good standing at the time of her death, said amount not to exceed $750, should she die in good standing in this society.

"Attest: Ben Passmore, Secretary.   B. H. Passmore, President."

"I accept this certificate subject to the conditions above set forth."

It is also made to appear, without dispute, that appellant is a fraternal, charitable and benevolent society. It is incorporated, and the object, as stated in its charter, is "to pledge members to the payment of a stipulated sum, not to exceed $750, to such beneficiary as deceased may have designated while living, under such regulations and upon such conditions as the laws of the society may prescribe."

The laws of the society prescribe the means by which the member can change the named beneficiary and procure a new certificate. In naming the beneficiary the member is not confined to a particular class, nor is the order designed to confer a charity upon any particular class, nor is the scope of its charity limited to members, their relatives or dependents. The beneficiary named died before the member to whom the certificate was issued, and no other beneficiary was thereafter named. No provision is made for its payment in any event if such beneficiary is not named during the life of the member, and does not survive the member.

It thus appears that appellant's objections to the judgment upon this phase of the case are founded upon the undisputed facts. As propositions of law, they are upheld by our Supreme Court in the case of Screwmen's Association v. Whitridge (95 Texas, 539), which is in point. Following the principles announced in that case, the judgment of the trial court is reversed, and judgment here rendered for appellant.

*Reversed and rendered.*