**GRAND COURT ORDER OF CALANTHE OF TEXAS v. WELCH.  (No. 943.)**

(Court of Civil Appeals of Texas. Beaumont. April 19, 1923. Rehearing Denied May 2, 1923.)

**Insurance ⬅785—Member's father entitled to benefit money on member's death without issue subsequent to death of husband designated as beneficiary and mother.**

Where both the husband, designated as the beneficiary in wife's benefit certificate, and the wife's mother, predeceased the wife, and there were no children, and no other beneficiary, had been designated after the death of the husband, the wife's father was entitled to the benefit money under Fraternal Beneficiary Act of 1899 (Laws 1899, p. 195).

Appeal from Harris County Court; Jno. W. Lewis, Judge.

Action by J. T. Welch against the Grand Court Order of Calanthe of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

R. D. Evans, of Waco, for appellant.

M. H. Broyles, of Los Angeles, Cal., for appellee.

WALKER, J. The nature and result of this suit is sufficiently indicated by the trial court's conclusions of law and fact, which are as follows:

"Findings of Fact.

"The court finds the following facts:

"First. That defendant is a fraternal benefit society under and by virtue of the laws of the state of Texas.

"Second. That Stella Mitchell, at the time of her death, July 27, 1921, was a member of defendant order, in good and regular standing.

"Third. That prior to the death of Stella Mitchell defendant order had issued to her a benefit certificate; a policy of life insurance upon the life of said Stella Mitchell, wherein defendant promised to pay to 'the beneficiary named in said benefit certificate the sum of $300, upon the death of said Stella Mitchell.

"Fourth. That said Stella Mitchell, at the time of the issue of said benefit certificate, had designated her husband as beneficiary therein; that her said husband had died after such designation and prior to the death of said Stella Mitchell; that subsequent to the death of her said husband, and prior to her own death, the said Stella Mitchell made no other designation of beneficiary.

"Fifth. That Stella Mitchell and her said husband were survived by no children.

"Sixth. That the mother of said Stella Mitchell had died prior to the death of said Stella Mitchell; and that J. T. Welch, plaintiff herein, is the father of said Stella Mitchell.

"Seventh. That the by-laws of defendant order do not make provision for the disposition of the proceeds of a benefit certificate upon the death of a member, when the member has failed to make designation of beneficiary, or when the originally designated beneficiary has predeceased the member and the member has made no other designation of beneficiary.

"Conclusions of Law.

"The court concludes the law to be that, when a member of a fraternal benefit society doing business under the laws of the state of Texas dies in good and regular standing with such society, some person named in the statute shall receive the benefit money, whether any beneficiary is designated or not by the member in the benefit certificate issued to such member; and where the by-laws do not provide how the money, shall go, and, in this case, where the member has originally designated her husband, and the husband had predeceased the member, there being no children, and the mother of the member having died before the member, the father, plaintiff herein, is the lawful claimant of the benefit money."

The trial court's conclusion of law, as just given, is fully sustained by Judge Fly in Grand Lodge, etc., v. Mackey (Tex. Civ. App.) 104 S. W. 907, where he said:

"It is undoubtedly the object and intention of the law, whether any person has been designated or not, that some person named in the statute shall receive the benefit money, and it shall not revert to the association. It is not the policy of the law that the money should be forfeited to the association, unless there is no person bearing. the relation named in the statute to the deceased."

Screwmen's, etc., v. Whitridge, 95 Tex. 539, 68 S. W. 501, and Home Circle v. Hanley, 38 Tex. Civ. App. 547, 86 S. W. 641, cited by appellant, do not control 'this case, as these decisions involve policies issued prior to the enactment of the Fraternal Beneficiary Act of 1899 (Laws 1899, p. 195).

Affirmed.