## S. G. GONZALES V. LOUISA M. DE GONZALES.

No. 4104.    Decided June 10, 1925.

(273 S. W., 798).

1.—Homestead—Wife's Separate Property—Possession, Control and Disposition.

The Constitution (Art. 16, Secs. 50, 51, 52) guarantees to each spouse certain rights in land used for homestead purposes, whether it belongs to the separate estate of either spouse, or to the community. Among these is the right to possession and enjoyment, at least while continuing to perform their marital duties, until lost by abandonment of the homestead or its conveyance by both parties; and this right is an estate in the land, not a mere privilege of occupancy. (Pp. 18, 19.)

2.—Same—Legislative Power.

The rights of the husband in the homestead, though established on land the separate property of the wife, being fixed by the Constitution, the Legislature has no power to confer on the wife exclusive possession or the power of disposition of such homestead. (Pp. 19, 20.)

**3.—Same—Statutes.**

The statutes up to and including that of 1913 (Act of March 20, 1913, Laws 33d Leg., Ch. 32, p. 62) required joint conveyance by the husband and wife to pass title to the homestead, though fixed on the wife's separate property. The Acts of 1917 and 1921 (Act of April 4, 1917, Laws, 35th Leg., Ch. 194, pp. 436, 437; Act of March, 1921, Laws, 37th Leg., Ch. 130, pp. 251, 252) permitted the wife to convey the homestead, if her separate estate on authority of an order by the district court to be made only in case the husband had become insane or had abandoned her and on proof that the sale was advantageous to her. This did not authorize an order by the court giving a general or blanket authority to sign her name to any deed as a feme sole. Such order was a nullity and would not support sole control or disposition of the homestead by her. (Pp. 19, 20.)

**4.—Same—Case Stated.**

Plaintiff, a married woman, sought and was awarded a judgment enjoining her husband from interfering with her possession, control and disposition of the residence homestead which was established on land her separate property. The judgment is reversed and rendered against her, as being one unauthorized under the Constitution and laws of the State. (Pp. 18-20.)

Error to the Court of Civil Appeals, Eighth District, in an appeal from El Paso County.

S. G. Gonzales obtained a writ of error on the affirmance (256 S. W., 658) of a judgment obtained against him by his wife, Louisa M. de Gonzales, from which he had appealed.

*Croom, Goldstein & Croom (Davis, Jackson & Fryer* on appeal), for plaintiff in error.

The property in controversy is the homestead of S. G. Gonzales, and the court could not award said property to plaintiff free from any interference on the part of defendant, S. G. Gonzales.

The court could not give to plaintiff the sole management, control, and disposition of said property, since the wife cannot dispose of the homestead without consent and joinder of her husband.

*A. W. Norcop,* for defendant in error.

Neither the Constitution of this State, nor any of the Homestead Laws, have ever provided specifically that the husband should have any right to the exclusive control, possession and management of the homestead; but the Constitution and our laws are silent on that question; the extent of the statutory provision being that the "head" of the family shall have the right to designate the homestead. In view of this, there was no reason or necessity for the Legislature, in its amendment of Article 4621, to specifically say that the wife should have the same management and control of her separate homestead as of her other separate property. To construe the amendment to

Article 4621, as including the separate homestead of the wife, does not require that the amendment should have repealed or referred to any section of the Homestead Laws. The basis of the husband's right to the management of the homestead prior to this amendment arose out of judicial decisions only. Certainly also, this construction by the courts was arrived at only on the basis of the fact that prior to the amendment the husband had the statutory right of control, possession and management of the wife's separate property.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error Louisa M. de Gonzales sued plaintiff in error S. G. Gonzales, her husband, and others, for possession of certain premises alleged to be separate property of the defendant in error, and for an injunction to prevent any interference with defendant in error's right to solely possess, manage, control and dispose of the premises. Plaintiff in error filed an answer containing an averment, among others, that the premises were the family homestead of himself and defendant in error.

The trial court found that the premises belonged to the separate estate of defendant in error and were used for the purposes of a home by plaintiff in error and defendant in error, and rendered judgment awarding defendant in error possession of the homestead, and enjoining plaintiff in error, the husband, from interfering with her possession, control and disposition of same. The Court of Civil Appeals at El Paso, while finding that the parties were husband and wife and that the premises sued for constituted the family home, affirmed the judgment of the District Court. 256 S. W., 658.

The judgment of the Court of Civil Appeals is founded on the conclusion that under the present statutes a homestead, which belongs to the separate estate of a married woman, is subject to her sole possession, management, control and disposition, though she be neither divorced nor permanently separated from her sane husband. 256 S. W., 662.

Plaintiff in error assails the judgments of the courts below on the ground that the wife has no right of possession, to the exclusion of the husband, of so much of her separate property as is admittedly the residence homestead, save under extraordinary circumstances not disclosed by this record, and that the wife's right of sole management, control, and disposition of her separate property does not ordinarily extend to the homestead.

In our opinion, the Constitution guarantees to each spouse certain rights in land used for homestead purposes; and the

Legislature is powerless to deprive either spouse of such rights as come within the protection of the Constitution. Such rights attach as soon as the property acquires its homestead character, whether the property belongs to the separate estate of either spouse or to the community. Sections 50, 51 and 52, Article XVI, Constitution. Among the rights of the husband thus protected in a homestead established on land belonging to the wife or of the wife in a homestead established on land belonging to the husband, is the right of possession and enjoyment. Stallings v. Hullum, 89 Texas, 434, 35 S. W., 2. The right continues, at least while each partner performs his or her marital duties, until lost by abandonment of the homestead or by its conveyance by deed of both partners. So solicitous is the Constitution of this right of either party to the marriage that it expressly continues it even after death of the owner of the homestead property, so long as the survivor of the marriage may elect to possess and use such property for homestead purposes. Ball v. Lowell, 56 Texas, 583; Pressley's Heirs v. Robinson, 57 Texas, 457; Eubank v. Landram, 59 Texas, 249.

The opinion of Chief Justice Gaines, in Stallings v. Hullum, supra, announcing that the homestead right of one spouse in land belonging to the other extends beyond the right of possession and enjoyment, is in line with the decision of Hargadene v. Whitfield, 71 Texas, 488, 9 S. W., 478, that "the homestead right when fixed is an estate in the land—it is more than a mere privilege of occupancy."

With the Constitution conferring a homestead estate on either spouse in land belonging to the other so long as it is devoted to homestead uses, and with such estate including the right to continue in the possession and enjoyment of the property as homestead, it is plainly impossible for the Legislature to confer on either spouse exclusive possession of or power of disposition over the homestead, at least while the parties are husband and wife and continue to perform their correlative duties and obligations.

However, we are unable to find support in the statutes for the judgment depriving plaintiff in error of his homestead rights. The Act of 1841 required the husband to join in the wife's conveyance of any estate or interest in land which was her separate property. The Act of 1846, carried into the Revised Statutes of 1879, 1895, and 1911, required the husband to join in a conveyance of land which was either the wife's separate property or the homestead of the family. Articles 559, 560, Revised Statutes of 1879; Articles 635, 636, Revised Stat-

utes of 1895; Articles 1114, 1115, Vernon's Sayles' Texas Civil Statutes. The Act of 1913 contained an explicit prohibition against disposition of the homestead, whether the separate property of the husband or of the wife or community property, save by the joint conveyance of both the husband and the wife, Acts of 1913, Chapter 33, pages 61, 62, Volume 16, Gammel's Laws of Texas. The Acts of 1917 and 1921 modify the Act of 1913 so as to undertake to empower the district court, in term time or vacation, to make an order authorizing the wife, without her husband's joinder, to sell and convey the homestead if it belongs to the wife's separate estate and the husband is insane or has permanently abandoned his wife, upon satisfactory proof that the conveyance will be advantageous to the wife. Acts of 1917, Chapter 194, pages 436, 437; Acts of 1921, Chapter 130, pages 251, 252.

It is quite unnecessary to consider the legal effect of a district court order granted under the provisions of the Act of 1917 or of the Act of 1921, authorizing a wife to convey a homestead belonging to her separate estate, for a definite and specified consideration. For no such order was ever passed with respect to the homestead here in controversy. It seems that the District Court of El Paso County did enter an order, on defendant in error's application, purporting to entitle her "to sign her name alone, without the joinder of her husband, to *any* deed or transfer or incumbrance relating to her separate property in the same way and manner as though she were a single woman." There is nothing in the statutes to warrant the district court to confer any such general and blanket authority on a married woman, and the order was a nullity as determined by both of the courts below. In the absence of some valid district court order, the statutes recognize and endeavor to safeguard the very rights of the husband in and to the homestead which defendant in error's suit sought to destroy, and which rights are fully guaranteed by the Constitution itself.

Defendant in error is entitled to recover nothing by her suit. There seems no occasion to disturb the judgment against plaintiff in error on his cross-action to establish that the premises belonged to the community estate of himself and wife.

It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed, and that judgment be here rendered that defendant in error take nothing by her suit and that plaintiff in error take nothing by his cross-action, and that plaintiff in error recover all costs.

*Reversed and rendered.*