## HUMBLE OIL & REFINING CO. v. WAGENER et al. (No. 7384.)

Court of Civil Appeals of Texas. Austin. June 19, 1929.

Rehearing Denied July 17, 1929.

A. J. Wirtz, of Seguin, H. W. Fielder, of Lockhart, and R. E. Seagler, of Houston, for appellant.

E. B. Coopwood, C. F. Richards, and Fred L. Blundell, all of Lockhart, and Hart, Patterson & Hart, of Austin, for appellees.

BAUGH, J. Caldwell county, asserting ownership to certain lands in that county immediately adjacent to and alongside one of its public roads, executed an oil lease thereon to Chas. H. Wagener, on February 21, 1929. The legal title to said land was at that time in Lula B. Northcutt, wife of J. L. Northcutt. Prior to that date Mrs. Northcutt, joined by her husband, had executed an oil lease on the same land, which lease, through assignments, was owned by the Humble Oil & Refining Company. Because of the asserted title of the Humble Oil & Refining Company in and

to seven-eighths of the oil under said land, Chas. H. Wagener and Caldwell county brought suit against said company and numerous other parties in trespass to try title to the land here in controversy, and asked for the appointment of a receiver to develop said land for oil. W. B. Swearingen was appointed receiver and made a contract with one W. B. Hinton to drill a well, which drilling contract was duly approved by the court. Thereafter the Humble Oil & Refining Company filed its motion to vacate the receivership as to the entire strip of land, consisting of 3.75 acres, which had been leased by the county to Wagener. This motion was granted as to a part of said land, but was refused as to a small portion, the record title to which was in Mrs. Northcutt. This appeal is from the order of the court refusing to vacate the receivership as to this particular tract.

We have concluded that a single issue finally disposes of the case, and shall confine our discussion to that issue.

In 1913, title to the land in controversy was unquestionably in Mrs. Lula B. Northcutt. It was a part of an 85-acre tract, the homestead of herself and husband, and her separate estate by inheritance. At that time Caldwell county desired to change the location of the Luling-Brownsboro public road. The new location was across the east end of the Northcutts' land, and, in addition to the land actually used for road purposes, the road cut off a small strip from the main body of the homestead tract. This small tract and the portion required for the road right of way were estimated by J. L. Northcutt and the county commissioners as containing 1½ acres. The county judge testified that the county purchased the fee-simple title to this land. J. L. Northcutt presented a claim for $125 for an acre and a half of land, which was allowed and paid to him in 1914. No survey of the land was ever made, nor were any field notes or other written memoranda which would identify the land ever made. No deed to said land was ever executed by the Northcutts. Only the actual roadway, some 40 feet in width, and not including the land here in controversy on which an oil well is located, has ever been improved or actually used by the county. The county has had and maintained a public road along the newly designated route since 1914. The little tract of land here in controversy lies outside of the public road right of way, and outside of the fences of the Northcutt home tract.

■ Under these facts we think the county has shown no title whatever to the land in controversy, and on which the well is located. On the contrary, the title thereto, in our opinion, is indisputably in Mrs. Lula B. Northcutt, and in the Humble Oil & Refining Company, which holds under her. This tract of land, at the time the county claims to have obtained title to it through a parol sale by J. L. Northcutt, was the separate estate of his wife and constituted the homestead. There being no conveyance and no memoranda in writing identifying this particular land, the sale was as to Mrs. Northcutt absolutely void and transferred no title whatever.

The only manner in which conveyance of a homestead can be made is prescribed by the Constitution and the statutes; that is, by conveyance in writing in which the wife joins her husband under her separate acknowledgment. Had the husband in this instance executed a written conveyance without being joined by her, it would have had no binding effect. Rev. St. 1925, arts. 1299, 1300, 4614; Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Gonzales v. De Gonzales, 115 Tex. 19, 273 S. W. 798; Tannery v. McMinn (Tex. Civ. App.) 86 S. W. 641; Durham v. Luce (Tex. Civ. App.) 140 S. W. 854.

■■ Appellees cite a line of cases holding that the husband can abandon, either with or without his wife's consent, the whole or any portion of their homestead, and that this is true even though such homestead be the separate estate of the wife. Conceding this to be true, and even if it be conceded that in the instant case the tract of land in controversy was in fact abandoned as a homestead, abandonment thereof by the husband did not and could not vest in him any authority whatever to convey the separate real estate of his wife without being joined by her. He had no authority whatever to convey her separate property except in the manner prescribed by the statute, and any attempted conveyance by him of her separate real property would be void as to her. McKamey v. Thorp, 61 Tex. 648; McBride v. Banguss, 65 Tex. 175; Rogers v Hussion (Tex. Civ. App.) 273 S. W. 969; Lassiter v. Bouche (Tex. Civ. App.) 5 S.W.(2d) 833. At no time did Mrs. Northcutt part with her title to the land in controversy. Nor is the county in any position to complain. At the time of the alleged purchase by parol of the land in controversy the county was charged with the knowledge which an examination of the record would disclose; and the record showed that this land was the separate property of Mrs. Northcutt. The evidence also showed that they were at that time occupying the whole of the tract as their homestead.

■ Nor was Mrs. Northcutt ever estopped to assert her title to the land in controversy. We quote the following from the syllabus of the opinion of this court in Owens v. N. Y. & T. Land Co. (Tex. Civ. App.) 32 S. W. 1057: "The fact that a married woman accepts the benefits of an illegal sale of her property, without any act of disaffirmance, with full knowledge, does not amount to a ratification nor estoppel, nor does it raise an equity against her right to recover." See also Tannery v McMinn, supra; Green v. Hopper (Tex. Civ. App.) 278 S. W. 286.

The only ground of estoppel which could be asserted against the wife under such circumstances would be one of actual fraud actively participated in by the wife. No such contention is here made. Nor was it shown that she received the money paid to her husband by the county. Her execution, joined by her husband, of the oil lease on the land in controversy, clearly demonstrates that she has not relinquished her claim to the land. Nor are we concerned here with an easement by prescription in behalf of the county, or the public, over the public road right of way actually used. Such an easement would not vest in the county any title to the minerals underneath the land, and in any event the particular tract of land here involved on which the well is located is not on the right of way used as a road.

We conclude, therefore, that the county had no title whatever to the land here in controversy, nor to the minerals under it, and that its lease or sale thereof to the defendant Wagener was as to appellant of no force and effect; and that the trial court erred in not vacating the receivership as prayed for by the appellant.

Judgment of the trial court is therefore reversed, and judgment here rendered vacating said receivership as to all of said 3.75 acres of land.

Reversed and rendered vacating receivership.