**PETRUS et al. v. CAGE BROS. et al.**

**No. 10511.**

Court of Civil Appeals of Texas. San Antonio.

April 26, 1939.

Rehearing Denied May 24, 1939.

Wade & Wade and L. D. Stroud, all of Beeville, for appellants.

Boone, Henderson, Boone & Davis, of Corpus Christi, and Lee H. Lytton, Jr., of Sarita, for appellees.

SMITH, Chief Justice.

J. F. Petrus and others, children and heirs at law of Ferdinand Petrus, deceased, brought this suit against Cage Brothers, individually and as partners, to recover the value of caliche admittedly taken by mining operations from the 118-acre homestead of the plaintiffs' parents in Bee County, which is still occupied as a homestead by their mother, the survivor in community of their father, who died intestate. In a trial before the court without a jury, judgment was rendered that J. F. Petrus and his co-plaintiffs recover nothing, and they have appealed. There is no statement of facts with the record.

The facts of the case are well stated in appellants' brief, as follows:

"F. Petrus and wife, Laura Petrus, acquired the 118 acres of land in 1906, as community property, immediately moved upon and improved the same as a farm and homestead, and were so using and occupying it when F. Petrus died on the 6th day of August, 1930, intestate. There was no administration on his estate, and none was

necessary. Upon the death of F. Petrus, Mrs. Laura Petrus continued her occupancy of the homestead, without interruption, and down to the trial of this case. The appellants are the children, and all of the heirs of Petrus, deceased.

"At the time of the acquisition of the title and the establishment of the homestead rights of the husband and wife, in 1906, and before that time, there was no caliche pit or so called mine for caliche existing on said premises. Some eighteen years later, and in 1924, F. Petrus opened and began to operate a caliche pit and continued to operate it through himself, or his agents and lessees or purchasers of caliche, removing caliche therefrom until his death on August 6, 1930, after which his said widow continued to so operate said caliche pit, using and occupying said premises as her homestead, and selling caliche therefrom."

The caliche pit, or mine, is being operated by appellees under lease from appellants' mother, and this suit was to recover of appellees the value of the caliche taken from the mine under said lease.

The whole case, and this appeal, turn on the question of the character of the estate of the widow in that part of the community homestead which descended to the children in fee upon the death of their father, subject to the homestead rights of their mother.

The rights of survivors in like situations have been the subject of much discussion in the cases arising in this State, resulting in the clarification and settlement of the law upon the subject.

■ The rule arrived at seems clearly to be that the right of survivors, such as Mrs. Petrus, is more than a mere right of possession and occupancy; it is an estate in land, in the nature of a life estate. She is a tenant for life in the homestead, the measure of her right in which is not the mere privilege of possession and enjoyment. The right encompasses "every element of a life estate, and is therefore at least in the nature of a legal life estate, or, in other words, a life estate created by operation of law." Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589, 593 (Id., Tex.Civ.App., 19

S.W.2d 382); Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2; Gonzales v. Gonzales, 115 Tex. 16, 273 S.W. 798; Hargadine v. Whitfield, 71 Tex. 482, 9 S.W. 475; Swayne v. Oil Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986, 8 Ann.Cas. 1117; Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35; Clift v. Clift, 72 Tex. 114, 10 S.W. 338; Coffman v. Gulf, C. & S. F. R. Co., Tex. Com.App., 23 S.W.2d 304; Richmond v. Sims, Tex.Civ.App., 144 S.W. 1142; Jones v. Dewbre, Tex.Civ.App., 13 S.W.2d 233.

■ The authorities cited further hold that a life tenant by virtue of the operation of law (such as Mrs. Petrus) cannot use the property upon which she is such tenant for any purpose which would work an injury to the inheritance, "save those [purposes] only to which it had been devoted at the time the life estate came into existence," for, "having once had the power of committing waste, he shall not be deprived of it by the act of God." Swayne v. Oil Co., supra [98 Tex. 597, 86 S.W. 742].

■ Applying the rules stated, Mrs. Petrus, upon the death of her spouse, took an estate for life, by operation of the law, in that part of the homestead which descended in fee, upon the death of the father, to their children, appellants herein, and by virtue of her said estate therein thus acquired, she had the right to continue to take caliche from the mine which had been opened prior to and was being operated at, the time her life estate came into existence, to-wit, at the death of her spouse, intestate.

■ Appellants contend that in order to constitute the mine an old one within the stated rule, it must have been opened before the homestead right ripened. But there is no merit in the contention. The right to continue operations relates to mines opened prior to the coming into existence of the life estate, which was at the death of the spouse. This seems to be obvious.

■ The right to operate may be exercised by the surviving spouse in person, or through any other agency selected by her, including lessees, such as appellees in this case.

The judgment is affirmed.