This suit was brought by the defendants in error for partition of a house and lot in the city of Waco. Bettie Kirkwood was once the wife of G.W. Allen. The property in *Page 647 
controversy was purchased during the existence of her marriage with Allen, and was their community property. They had some minor children, and resided upon the property as their homestead. In the year 1882 they were divorced, without any mention or disposition of their property. The divorced wife continued to reside upon the property and maintain their minor children without assistance from her former husband. In the year 1885 Allen, the divorced husband, executed a deed of trust upon the property to secure a debt that he owed the defendants in error, under which the property was sold and conveyed to defendants in error. The divorced wife was still residing upon the property at the date, of these transactions. Shortly after the execution of the deed of trust she married Kirkwood and continued to reside on the land. It was agreed that the land could not be equitably partitioned, and that if the court found in favor of the plaintiffs that it should be sold without the intervention of commissioners for the purpose of partition. The cause was tried without a jury and a decree was rendered directing a sale of the land and a division of the proceeds of the sale equally between plaintiffs and the defendant Bettie Kirkwood, "and that each party pay the costs by him incurred, to be deducted from the share in said proceeds belonging to such party."
It is contended for plaintiffs in error that the homestead privilege of the wife survived the divorce, and consequently that the deed of trust executed by the former husband and all of the proceedings thereunder were prohibited by our Constitution and laws.
It is provided by our statutes that "the court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest him or herself of the title to real estate." Rev. Stats., art. 2864.
Allen and his wife, while their marriage subsisted, each owned an undivided one-half interest in the property in controversy. It was in the power of the court that decreed the divorce, under the statute, not only to make such a decree with regard to the use of the homestead as would properly protect the wife in its use, but it might also have provided for its protection and use by the minor children of the marriage, subject only to the prohibiting clause that the decree should not have the effect, in form or in substance, of divesting the husband of his title to one-half. We think, however, that the husband's interest in the property can be so charged only in the divorce suit and as a part of the decree of divorce. It not having been then done, the former husband and wife stood toward each other after the decree of divorce as if they had never borne that relation to each other. They then owned the property as tenants in common and subject to all the rules and *Page 648 
regulations of strangers bearing to each other that relation. Whetstone v. Coffey, 48 Tex. 269.
Bettie Kirkwood, having a family, had a homestead interest in the one undivided half of the property that was owned by her, and that interest was protected from forced sale. But she had no more than any other tenant in common the right to hold or occupy her cotenant's share or to prevent its being partitioned. As it could not be partitioned without being sold it was not within the meaning of the provision of the Constitution that forbids a forced sale of a homestead. To so hold would require that the Constitution should be construed to forbid a partition of land owned by tenants in common when it is resided upon by one of the cotenants who happens to be entitled to the homestead exemption, and it is incapable of being equitably partitioned without being sold. Clements v. Lacey, 51. Texas, 150. In such a case the exempt interest in the land must be converted into money, and the exemption will then attach to that.
The Constitution exempts the homestead from forced sale "except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon." If when the land is sold for partition the costs of the suit are deducted from the purchase money, it is equivalent to a forced sale for the payment of the costs of a partition suit, a purpose not found among those enumerated in the Constitution. The fact that the costs are an incident to the suit for partition does not necessarily control the question. They may be adjudged and collected as a personal demand and as costs usually are.
"We do not think that there was any error in the proceedings except in directing that the costs adjudged against the defendants be deducted from Bettie Kirkwood's share of the money proceeding from the sale of the land. We think that there was error in that part of the decree, and it will therefore be reversed and here rendered, corresponding in all respects with the decree appealed from, except that the costs adjudged against the defendants shall be a personal charge against them and not against the proceeds of the sale of the land.
Reversed and rendered.
Delivered May 1, 1891.