### MOLLIE E. STALLINGS V. JOHN A. HULLUM.

#### No. 411.—Decided April 2, 1896.

**1. Homestead—Husband's Conveyance Void.**

The alienation of the homestead by the husband, without the consent of the wife evidenced in the manner required by law, being prohibited, his attempted conveyance without her joining in the deed is void, in so far as it in any manner affects her interests.

**2. Same—Suit to Recover Back—Judgment.**

The mere privilege of possession and enjoyment of the homestead is not the extent of the wife's right therein, which includes also the right to exchange it for another or to sell it for reinvestment or otherwise. The wife, as against a purchaser without her consent legally given, is entitled to recover the entire property; not merely the possession and right to occupy it as a homestead, leaving her husband's deed effective to vest his community interest in the purchaser upon her abandonment of it as a homestead. A judgment which so restricts her recovery is erroneous.

ERROR to Court of Civil Appeals for Second District, in an appeal from Midland County.

Suit by Mollie E. Stallings to cancel a deed by herself and husband conveying their homestead, which was alleged to have been obtained from her by fraud. The deed was adjudged void as to her and she was awarded a recovery of possession, but the conveyance was held effective to pass the husband's interest when it should cease to be her homestead, and this

judgment was, on her appeal, affirmed by the Court of Civil Appeals, whereupon she obtained writ of error.

*Theodore Mack* and *J. M. Moore,* for plaintiff in error, cited: State Constitution, art. 16, sec. 50; Rev. Stats., 632; Hargadene v. Whitfield, 71 Texas, 482; Morris v. Geiescke, 60 Texas, 633; De Bruhl v. Maas, 54 Texas, 474; Clements v. Lacy, 51 Texas, 160; Hoge v. McAlister, 2 Cooper (Tenn.), 606; Kennedy v. Wiggins, 5 Humph., 125; 19 Am. & Eng. Enc. of Law; 2 Blackstone, 103; Coke on Littleton, 354; 2 Mass., 284.

*B. G. Bidwell,* for defendant in error, cited: 16 Texas, 56; 27 Texas, 450; 34 Texas, 253; 41 Texas, 311; 68 Texas, 329; 70 Texas, 572; 80 Texas, 645; 92 Am. Dec., 112; Goff v. Jones, 70 Texas, 572; Irion v. Mills, 41 Texas, 310; Thompson, Homestead, sec. 483.

GAINES, CHIEF JUSTICE.—The following statement and conclusions of fact by the trial court were adopted by the Court of Civil Appeals as a statement of this case; and neither the accuracy of the statement, nor the correctness of the conclusions, is questioned in this court:

"The suit was brought by the plaintiff, Mollie E. Stallings, to cancel a deed executed by her and her husband, J. E. D. Stallings, of date July 5, 1886. The deed purports to convey to the defendant, John A. Hullum, lots nos. 5 and 6, in block no. 57, in the town of Midland. Cancellation is sought on the grounds that the lots constituted the homestead of the plaintiff and her husband, and that her signature to the deed was procured through fraud. The particular fraud alleged is that her husband represented to the plaintiff that John A. Hullum was to pay $2500 for the property, a price satisfactory to her and for which she was willing to sell; that in fact the deed, as signed, contained a consideration of $2000, while the amount agreed upon between her husband and Hullum, and actually paid by the latter, was only $1000; that the deed was not read over to her or explained to her, and that she signed it believing the consideration to be $2500. The defendant's answer consisted of a general denial, and specially that he was an innocent purchaser in good faith without knowledge of any fraud; that the plaintiff had abandoned the property as her homestead, and that it was the separate property of J. E. D. Stallings, or, if not, that it was the community property of the latter and his wife; and the defendant prayed that his title be quieted, and that his rights in the land be protected.

1. Plaintiff and J. E. D. Stallings were husband and wife prior to the purchase of the lots and at that time. The property was the homestead of plaintiff and her husband, at the time she signed the deed to Hullum, and was the homestead of the plaintiff at the time of the trial.

2. The lots were the community property of the plaintiff and her husband, but they were conveyed by deed with general warranty to J. E. D. Stallings, and the legal title to them was in him.

3. There was no actual and intended fraud on the part of John A. Hullum in procuring plaintiff's signature to the deed sought to be cancelled. The deed was executed by the plaintiff on July 5, 1886. It expresses a consideration of $2000. On the same day the plaintiff's acknowledgment was taken, but its contents were not explained to the wife, and she did not know when she signed and acknowledged it that the real consideration which Hullum was to pay was only $1000. She was induced by her husband to believe that Hullum was to pay $2500 as a consideration for the conveyance. The consideration paid was appropriated exclusively to J. E. D. Stallings' own use and benefit.

4. The latter was guilty of actual fraud in procuring the signature of his wife to the deed."

Upon the facts so found, the trial court held that the deed was void and inoperative as to the wife, and as a conveyance in presenti of any interest in the homestead, but that it was valid as to the husband, and operated to transfer his one-half interest therein as soon as it should cease to be the homestead of the wife. The judgment of the District Court was affirmed by the Court of Civil Appeals.

It is assigned in this court that the judgment is erroneous in so far as it limits the wife's recovery. This presents the sole question for our determination.

We are of the opinion that the judgment is erroneous. The inhibition against the alienation of the homestead by the husband without the consent of the wife is expressed in our existing Constitution in these words: "Nor shall the owner, if a married man, sell the homestead without consent of the wife, given in such manner as may be prescribed by law." Const. of 1876, art. 16, sec. 50.

The language of the former Constitutions in relation to this matter was substantially the same. The corresponding provision of that of 1869 reads as follows: "Nor shall the owner, if a married man, be at liberty to alienate the same unless by consent of the wife and in such manner as may be prescribed by law." Const. 1869, art. 12, sec. 15. With the exception of the change of a few words, which in no manner change the sense, the provision is couched in the same terms, both in the Constitution of 1845 and that of 1861. See Const. 1861, art. 7, sec. 22. It is not simply the alienation of the homestead right—that is to say, the right of occupancy—that is prohibited; it is the alienation of the property itself—the land or the lots, as the case may be. The word "homestead" in all the provisions quoted is used merely as descriptive of the property to which the right attaches. The homestead is defined in the next succeeding section of the present Constitution, as follows: "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town, or village, shall consist of lot, or lots, not to exceed in value $5000, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a

home, or as a place to exercise the calling or business of the head of a family; provided, also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired." Const. 1876, art. 16, sec. 51. In the two sections (50 and 51) the word is evidently used in precisely the same sense.

What is prohibited by law is as clearly invalid as if it had been declared void. The alienation of the homestead by a married man without the consent of the wife, evidenced in the manner required by law, being prohibited, his attempted conveyance without her joining in the deed is void, in so far as it in any manner affects her interests. The mere privilege of possession and enjoyment is not the measure of her right in the homestead. With the concurrence of her husband she may exchange it for another; she may consent to a sale with a view to the investment of the proceeds in a new homestead, or in view of her husband's receiving such consideration as she may deem an adequate compensation for the alienation of the shelter for the family. It is clear that the judgment in this case does not secure to her these rights. It is not practicable to carve out her interest in the property; and it is our opinion that the framers of the Constitution never intended that this should be done. The point was distinctly presented in the case of Rogers v. Renshaw, 37 Texas, 625. That was a suit by a widow to recover the homestead, which had been sold by the husband in his life time without her consent. As will be seen by the report of the case, the brief of counsel for the defendants made the point that the wife was entitled to the life estate only, and that her recovery should be so limited. But this contention was not allowed, and she was given judgment for the land. The question arose under the Constitution of 1861, and, as we have seen, the provision there found has been re-enacted in substantially the same language in every Constitution since. It is to be presumed that in the Constitution of 1876 it was intended that the provision should have the same construction which had been applied to the same language in the former Constitutions. The case referred to was cited with approval in Campbell v. Elliott, 52 Texas, 151. See, also, Meyers v. Evans, 81 Texas, 317.

Under similar statutory and constitutional requirements it is very generally held in other states, that the conveyance by the husband alone is void. Gleason v. Spray, 81 Cal., 217; Phillips v. Stauch, 20 Mich., 369; Kennedy v. Stacey, 1 Bax. (Tenn.), 220; Cowgell v. Washington, 66 Iowa, 666; Morris v. Ward, 5 Kan., 239; McHugh v. Smiley, 17 Neb., 626.

In our opinion the cases relied upon as supporting the ruling of the trial court do not sustain it. In Goff v. Jones, 70 Texas, 572, it was held that the husband may make a lawful contract to convey the homestead at a future time, and that, if it be abandoned and a new one acquired, he may be compelled to convey. We are not at all disposed to question the ruling in that case. A contract which, at the time of its execution, is impossible to be performed is void; but such is not the agreement of the husband to convey at a future time the homestead of himself and wife.

The wife may consent, or a new homestead may have been acquired, when the obligation on the part of the husband may mature.

In Irion v. Mills, 41 Texas, 310, the husband alone had executed a deed to the homestead. Both he and his wife died, and administration was taken out on his estate. The administrator intervened in a suit between third parties for the property, and it was held that he was estopped by his intestate's deed. But there was no party to that suit who claimed in any manner under the wife. The decision in that case is in harmony with the very recent case of Marler v. Handy, 88 Texas, 421, in which it was held that the deed to the homestead executed by the husband alone operated, by way of estoppel, to pass the title to the grantee upon the acquisition by the grantor of a new homestead for his family; provided such acquisition was not made with intent to defraud the wife of her interest in the former homestead. The wife having ceased to have any interest in the former homestead as such, no reason was seen to exist why the deed should not take effect. It is said in that case that the deed is not void; but it was not meant that it was valid as to the wife, or that it could in the slightest manner affect her rights before a new homestead was acquired.

The fact that it was held in those cases that the deed was not so far void as to prevent it from operating by way of estoppel against the husband when the wife's interests may cease, does not justify the conclusion that it was to have any operation whatever so long as her right of homestead in the property should continue to exist.

Our conclusion is that the judgment of the District Court and of the Court of Civil Appeals are erroneous; and they are accordingly reversed and judgments here rendered for the plaintiff in error for the lots in controversy.

*Reversed and rendered.*