McDONALD et al. v. SIMONS et ux.
(No. 589-4413.)·

(Commission of Appeals of Texas, Section B.
Feb. 17, 1926.)

**1. Appeal and error ⟨⟩361(2)—That copy of petition for writ of error deposited with clerk of Court of Civil Appeals was not signed by petitioner's counsel held not to prevent Supreme Court from obtaining jurisdiction (Vernon's Sayles' Ann. Civ. St. 1914, art. 1542a).**

Where plaintiffs in error filed in Court of Civil Appeals a properly signed petition for writ of error to Supreme Court, fact that copy of petition deposited with clerk of Court of Civil Appeals was not signed by petitioner's counsel held not to prevent Supreme Court from obtaining jurisdiction under Vernon's Sayles' Ann. Civ. St. 1914, art. 1542a.

**2. Appeal and error ⟨⟩672.**

It is duty of Court of Civil Appeals to decide question of fundamental error whenever and however its attention is called thereto.

**3. Appeal and error ⟨⟩835(2)—Question raised in Court of Civil Appeals only in motion for rehearing gave Supreme Court jurisdiction to entertain it.**

Question not raised in Court of Civil Appeals in original briefs, but raised in motion for rehearing, gave Supreme Court jurisdiction to entertain assignment of error specifically complaining of matter.

**4. Cancellation of instruments ⟨⟩24(2)—Contracts ⟨⟩266(2)—Ordinarily one seeking rescission of contract or conveyance for fraud or the like must restore consideration received.**

Ordinarily, one seeking rescission of contract or conveyance for fraud, or the like, must restore consideration received by him; that is, re-establish the status quo of the other party.

**5. Appeal and error ⟨⟩1116.**

Supreme Court cannot afford relief to parties defrauded in exchange of properties, where to do so ignores rights of others interested in subject-matter to be heard.

**6. Parties ⟨⟩29.**

One whose rights are necessarily involved in subject-matter of controversy is "indispensable party" to such litigation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indispensable Party.]

**7. Parties ⟨⟩29.**

All parties interested in subject-matter, and whose rights are involved, must be brought before court.

**8. Homestead ⟨⟩118(5)—Husband's deed of homestead, to which wife did not consent, was not nullity.**

Husband's deed of homestead of community property, executed without wife's consent, and in which she did not join, was not nullity, since it would become effective upon the sub-sequent abandonment of the property as a homestead.

**9. Appeal and error ⟨⟩672—Judgment canceling deeds for fraud held fundamental error as not determining rights of indispensable parties.**

Judgment canceling deeds for fraud, in suit in which subsequent grantee of land exchanged, and person whose lien against land exchanged was assumed by one party to exchange agreement, were not made parties, held fundamental error as not determining rights of indispensable parties.

**10. Cancellation of instruments ⟨⟩23—Contracts ⟨⟩265.**

Equity is not unbending in its requirement of restoration of exact status quo as a condition to rescission and cancellation.

**11. Exchange of property ⟨⟩3(1).**

Fraud in exchange of lands vitiates entire transaction as between parties thereto.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by W. E. Simons and wife against D. P. McDonald and others. Judgment for plaintiffs was on defendants' appeal affirmed by the Court of Civil Appeals (271 S. W. 119), and defendants bring error. Judgment of Court of Civil Appeals and of trial court reversed, and cause remanded for further proceedings.

G. W. Smith, of Waco, H. E. Chesley, of Hamilton, and Sleeper, Boynton & Kendall, of Waco, for plaintiffs in error.

Eidson & Nabors and A. R. Eidson, all of Hamilton, for defendants in error.

SPEER, J. Defendants in error had judgment in the trial court and in the Court of Civil Appeals, canceling deeds whereby they had exchanged 199 acres of land in Hamilton county to plaintiff in error for certain land in Ellis county and other considerations, upon the ground of fraud. The opinion of the Court of Civil Appeals is reported in 271 S. W. 119.

[1] Defendants in error have presented a motion to dismiss the petition of plaintiffs in error, upon the ground the Supreme Court has no jurisdiction; the precise point being that petitioners for the writ at the time they filed their application in the Court of Civil Appeals did not deposit with the clerk of that court "a true copy of the application," as required by article 1542a, Vernon's Sayles' Texas Civil Statutes. It appears from the motion that the petition for writ of error was filed in due time, and at the same time a true copy thereof was deposited with the clerk of the Court of Civil Appeals, save only it did not bear the signature of counsel for petitioners. The evident purpose of the statute referred to is to afford to defendant in error full notice as to the

parties seeking the writ of error and of the grounds upon which such remedy is sought. Obviously, an accurate copy of the petition for writ of error, lacking only the signature of the applicant or his counsel, serves perfectly the second purpose; that is, it apprises defendants in error of the exact contents of the application as fully as though the same had been signed by counsel for the applicants. It would be extremely technical to hold that the instrument deposited with the clerk in this instance was not a copy of the application for writ of error within the meaning of the statute referred to. Indeed, if we are to be technical, it may be pointed out there is nothing in the statute prescribing the requisites of a petition for writ of error, or in the rules of the Supreme Court supplementing the statute, which expressly requires such petition to be signed by the applicant or his counsel. Of course it is contemplated, and good practice would require, that such petition be signed either by the applicant or his counsel, but this for the reason, clearly, that the application should show at whose instance the writ is requested. Here, as already stated, the application proper was duly signed by counsel for petitioners, but the copy was not so signed. Nevertheless, the contents of the instrument were such as necessarily to make it plain who the petitioners were, and counsel for defendants in error, for whose benefit the copy is provided, could not possibly have been misled with respect thereto. See Wichita Falls, etc., Co. v. Combs (Tex. Com. App.) 268 S. W. 447.

[2, 3] In looking into the matter of jurisdiction, we have ascertained that the question upon which we have decided to recommend the reversal of the judgments was not raised in the Court of Civil Appeals in the original briefs of plaintiffs in error, but was raised in their motion for a rehearing in that court. The question being one of fundamental error, which it was the duty of the Court of Civil Appeals to decide whenever and however its attention was called thereto, and its attention being expressly directed thereto by the motion for rehearing, we think the question was raised in that court in such way as to give the Supreme Court jurisdiction to entertain the assignment of error specifically complaining of the matter. It is of course true the Supreme Court will not reverse, even for fundamental errors, where they are not properly assigned in the motion for rehearing in the Court of Civil Appeals and in the application for writ of error, but these requirements have been met in the present case, and the Supreme Court is not wanting in jurisdiction to reverse the judgments of both courts.

[4, 5] The point of error referred to is the want of necessary parties. The court below was without power to render the judgment he did without the presence of other parties whom we think were indispensable. It appears from the record that, in the exchange of lands, plaintiff in error McDonald assumed to pay, as part of the consideration for the exchange, a mortgage lien existing against defendants in error's Hamilton county farm in the sum of $1,500; that this lien was held by one M. O. Gleason; that the interest thereon had been running two years; and that plaintiff in error discussed the matter of his assumption with Gleason, and same was satisfactory, and he paid to Gleason the past-due interest, and it was agreed "that it could go on." Gleason was not a party to the suit. It further appears that, after the exchange of property between the parties to this suit, defendants in error executed a deed to the Ellis county property to one W. R. Fleeman, who, so far as the record shows, is yet the owner of such property. Fleeman was not made a party to the suit. Under these circumstances it was impossible for the court to decree a cancellation of the deed to the Ellis county property without affecting Fleeman's right to be heard, and it was equally without power to cancel the deed to the Hamilton county property without leaving plaintiff in error McDonald liable to Gleason on his assumption of the Simons' note.

[6, 7] Of course it is elementary that before one can rescind a contract or conveyance for fraud, or the like, he must ordinarily restore the consideration received by him, or, in other words, re-establish the status quo of the other party. Clearly defendants in error have not done this. Their brief shows that a great wrong has been done them, but this court is without power to afford them that relief to which they might otherwise be entitled, when to do so would be to ignore the rights of others interested in the subject-matter to be heard. It is also elementary that one whose rights are necessarily involved in the subject-matter of a controversy is an indispensable party to such litigation. It is true that one who is not a party to a proceeding is not technically bound by the judgment rendered, even though it directly concerns his interests. But it is for this very reason—that is, that the court cannot, once for all, finally end the controversy even as between the parties—that the rule prevails that all parties interested in the subject-matter, and whose rights are involved, must be brought before the court. See Coddington v. Wells, 59 Tex. 49; Milligan v. Ewing, 64 Tex. 258; Hill v. Hoeldtke, 142 S. W. 871, 104 Tex. 594, 40 L. R. A. (N. S.) 672; Boles v. Aldridge (Tex. Civ. App.) 153 S. W. 373; same case, 175 S. W. 1052, 107 Tex. 209; Watkins Land Co. v. Clements, 86 S. W. 733, 98 Tex. 578, 70 L. R. A. 964, 107 Am. St. Rep. 653; Black on Res. and Can. § 639.

[8, 9] In the cases of Milligan v. Ewing, Hill v. Hoeldtke, and Boles v. Aldridge, su-

pra, the rights of a party purchaser who had assumed an outstanding lien in the purchase sought to be rescinded were considered and held to be such rights as were to be reckoned with and protected before a rescission could be effected. Fleeman's title to the Ellis county property, coming as it did through defendants in error, was so involved as that he was a necessary party to the suit to cancel his vendor's title. So also the rights of Gleason, he having accepted plaintiff in error McDonald's assumption, were such that he was a necessary party to the end that McDonald could in some way be protected against the payment thus assumed. On another trial these persons should be made parties so that their apparent rights may be considered. We cannot speculate as to what Fleeman's rights are, nor can we speculate as to whether Gleason will relinquish his claim upon McDonald.

We may say, in passing, we have not overlooked the reply made by defendants in error to the effect that the title to the Ellis county property has never passed out of plaintiffs in error because of the unauthorized change in their deed to defendants in error without the consent of the wife of plaintiff in error McDonald; such property, it is alleged, being their homestead. But, even if it be true, the property was the homestead of the McDonald's, and, if it be true, the husband without the wife's consent executed his deed in which the wife did not join, yet the property appearing to be community, such deed would not be an absolute nullity, but would become effective upon the subsequent abandonment of the property for homestead purposes. See Marler v. Handy, 31 S. W. 636, 88 Tex. 421. At all events, we hold under the facts of this case that no effective judgment could be entered without the presence of Fleeman and Gleason before the court.

[10, 11] The case should be remanded so that parties may be brought in, and the pleadings otherwise amended. Upon the facts shown, it is one for equitable relief. Equity is not omnipotent, but it is at least rich in remedies for relief in cases of fraud, and, like the Master, "tempers the wind to the shorn lamb." It is not unbending in its requirement of a restoration of the exact status quo as a condition to rescission and cancellation. If plaintiff in error is sufficiently indemnified against payment to Gleason upon his assumption, that would not constitute an insuperable barrier to rescission. The case cannot be summarily disposed of upon the contention that W. E. Simon as husband had the power, without the wife's joinder or consent, to convey their homestead in adjustment of the lien existing against it. The case is not one of that character. It involves fraud, which, if found to

exist, vitiates, as between the parties, the entire transaction.

We therefore recommend that the judgments of the Court of Civil Appeals and the trial court both be reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.