## FERTITTA v. TOLER et al.
### No. 2147.

Court of Civil Appeals of Texas. Beaumont.
Nov. 5, 1931.

Rehearing Denied Nov. 25, 1931.

Elton Cruse and Howth, Adams & Hart, all of Beaumont, for appellant.

A. L. Shaw, of Beaumont, for appellees.

O'QUINN, J.

Appellant sued appellees in trespass to try title to lot 8 in block 1 of the Betty J. addition to the city of Beaumont, Tex., alleging that he was the owner and entitled to the possession of said lot. Appellees answered by plea of not guilty.

The case was tried to a jury upon special issues, in answer to which they found that the lot in question was the homestead of appellee Maud Toler on June 30, 1922, the date when E. A. Le Roy, the former husband of Maud Toler, conveyed said lot to appellant and another, and that at or prior to the date of said conveyance Maud Toler had not abandoned, said lot as a part of her homestead. On this verdict judgment was entered for appellees, and appellant has appealed.

Appellant's first proposition asserts that the court erred in refusing his request for an instructed verdict because appellees had not pleaded homestead claim, but had answered by plea of not guilty only. This proposition is based upon his first, second, third, fourth, fifth, and sixth assignments of. error, all challenging the right of appellees to offer proof of homestead rights without specially pleading same.

The assignments are overruled. Article 7372, R. S. 1925, provides that, in actions of trespass to try title, the defendant may answer by plea of not guilty only, and article 7373, that under such plea the defendant may give in evidence any lawful defense to the ac-

tion except the defense of limitation, which must be specially pleaded. Under a plea of not guilty, a defendant may set up any matter of defense, either legal or equitable, except limitation, or something involving affirmative equitable relief, which must be specially pleaded. McKamey v. Thorp, 61 Tex. 648; Guest v. Guest, 74 Tex. 664, 12 S. W. 831; Kauffman v. Brown, 83 Tex. 47, 18 S. W. 425; Silverman v. Harmon (Tex. Civ. App.) 250 S. W. 206; Tyler v. Thomas (Tex. Civ. App.) 297 S. W. 609, 611. In the last case cited, the question of proving homestead rights under a plea of not guilty, without specially pleading such claim, was directly passed upon, and the evidence held admissible. Writ of error was granted, and the Commission of Appeals adopted the opinion of the Court of Civil Appeals, except upon one point, reversing the judgment on that one point, which was not the one here discussed. See 6 S.W.(2d) 350.

The third and fourth propositions insist that, though the property in question was community property, and the homestead of appellee and her then husband at the time of the conveyance, still such conveyance, though executed by her husband alone, vested full fee-simple title in appellant because after such conveyance was executed appellee ceased to use said property as her home—abandoned same—and thereupon the conveyance became effective.

The question of the abandonment by appellee of the property as a part of her homestead was submitted to the jury, and they found that she had not abandoned same. In another assignment appellant says that this finding is without sufficient evidence to support it. We think the finding has sufficient support in the record.

Appellant complains that the court erred in permitting appellee to introduce in evidence, over his objections, the original petition in her suit for divorce against her husband, E. A. Le Roy, grantor in the deed to appellant to the lot in question. The objections made to the introduction of the petition were (a) that it constituted a transaction by appellee with her deceased husband, and she, appellee, had not been called to testify by appellant; (b) that the matters in the petition were self-serving; and (c) that such matters were hearsay. The first objection was not well taken, but we think the others should have been sustained. However, the undisputed proof shows that the lot in controversy was, at the date of the conveyance by the husband to appellant, a part of the community homestead of appellee and her said husband, and, the jury having found on sufficient evidence that appellee had not abandoned her homestead right or claim to said property, the admission of said evidence was without prejudice, and therefore harmless.

Appellant's sixth proposition urges that the court erred in permitting appellee, over the objections of appellant, to testify relative to "conversations, transactions and conduct of herself with her abandoned husband, E. A. Le Roy (deceased at the time of the trial) such as bore upon her alleged right to the property in question, it appearing that said witness was claiming an interest in said property by reason of relations to and through the said E. A. Le Roy." It will be observed that the proposition does not set out any portion of the testimony objected to. Neither does the assignment upon which it is based; said assignment being in practically the same language as the proposition. The bill of exception going to same is no more definite. It is not specific enough to present any matter to us for review.

The seventh proposition is: "The evidence is insufficient, as a matter of law, to support the verdict and judgment of the trial court." It has been consistently and continuously held that this assignment is too general and cannot be considered. However, we think the evidence amply supports the findings of the jury.

The tenth assignment asserts that, appellee having obtained a divorce from her husband, E. A. Le Roy, all her homestead right or claim in said property ceased upon the granting of said divorce, and appellant's deed thereupon became effective and vested in him full fee-simple title. The assignment is overruled. The property being a portion of the community homestead at the date of the conveyance, the obtaining of a divorce by appellee did not divest her of her ownership or homestead right in her one-half of the lot.

By his eleventh assignment, appellant insists that the court erred in giving judgment to appellee for the whole of the lot because when she obtained a divorce from her husband his deed then vested title in appellant to at least one-half of said lot. This assignment should be sustained. The deed from appellee's husband, E. A. Le Roy, to appellant was executed June 30, 1922. At that time appellee and her said husband were using the lot as a part of their community homestead. December 12, 1922, appellee and her husband separated. After separation, the husband continued to live in the home until his death January 26, 1925. Shortly after his death—about two weeks—appellee resumed occupancy of the home, and has continuously lived there since. Appellee filed suit for divorce April 9, 1923, and the divorce was granted September 27, 1923. Their homestead, composed of five contiguous lots with but small improvements thereon, was community property, and there is nothing to indicate that the judgment of divorce disposed of or in any manner adjudicated same. The community estate is a

statutory one, dependent wholly upon the existence of the marriage of which it is an incident. After dissolution of the marriage, there can be no further community between the parties. When the spouses are divorced, they become tenants in common in the former community, in the absence of a judicial partition, and are clothed with absolute control and disposition of their separate property. Spears' Marital Rights, § 588, p. 719; do p. 10668; Williamson v. Gore (Tex. Civ. App.) 73 S. W. 563 (writ denied); Kirkman v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770; Southwestern Mfg. Co. v. Swan (Tex. Civ. App.) 43 S. W. 813. Upon the divorce judgment becoming final, Le Roy's deed to appellant became effective to Le Roy's undivided one-half of the lot in question, for which appellant should have had judgment.

But appellee insists that, as the property in question was a part of the homestead at the time her husband executed the conveyance, said conveyance was void, and could not affect her rights in the property as a homestead then or at any time, but was void for all time. There seems to be confusion in the holdings by the appellate courts on this question, but it is believed that it is the settled rule in this state that such conveyance is void only as it affects the wife's interest, and that, when her right in the property ceases, then the husband's conveyance becomes effective and vests title. Marler v. Handy, 88 Tex. 421, 31 S. W. 636; Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; McDonald v. Simons (Tex. Com. App.) 280 S. W. 571. Here, when appellee procured a divorce from her husband, her homestead rights in her husband's one-half of the community ceased to exist, and, under the rule, the husband's deed became effective and vested title in appellant to his one-half of the lot. Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770; McDonald v. Simons (Tex. Com. App.) 280 S. W. 571.

The twelfth assignment complains that the court erred in refusing appellant judgment for $56.94, the amount of taxes it is agreed that appellant paid on the property. We think there is merit in the assignment. Appellant in good faith and under color of title claimed the property, and paid taxes thereon to the amount agreed upon. The law is well settled that one who, in good faith, and under color of title, claims to be the owner of real estate, may pay the taxes thereon, and, if his title is thereafter defeated, he is entitled to be reimbursed by the true owner. Meador Bros. v. Hines (Tex. Civ. App.) 165 S. W. 915, 922 (writ denied); Hensel v. Kegans, 8 Tex. Civ. App. 583, 28 S. W. 705; Hill v. Moore, 85 Tex. 335, 348, 19 S. W. 162; Hines v. Meador (Tex. Civ. App.) 193 S. W. 1111 (writ denied); 37 Cyc. 1152–1154. It cannot be

said that appellant in paying the taxes did so as a volunteer. As appellant has title to, and is the owner of, an undivided one-half of the lot in question, and as he has paid said taxes upon the whole lot in the sum of $56.94, he is entitled to recover of appellee one-half of said sum, or $28.47. The taxes being a lien upon the lot, and appellee having made no offer to reimburse appellant for said taxes, but refusing to pay same, appellant is entitled to legal interest on said sum of $28.47 from and after December 31, 1930, the date of the judgment in the lower court, and to a lien on appellee's one-half of said lot and a foreclosure of said lien in the event appellee fails to pay said amount.

As the facts are fully ascertained, the judgment should be affirmed to the extent of awarding appellee an undivided one-half of the lot in question, and the judgment otherwise reversed and here rendered for appellant to an undivided one-half of said lot and judgment for the sum of $28.47 for one-half of the taxes paid by appellant on said lot, together with legal interest thereon from and after December 31, 1930, together with a lien on appellee's one-half of said lot and a foreclosure of said lien in the event appellee fails to pay same, and it is so ordered. The costs are adjudged against appellee.

Affirmed in part, and reversed and rendered in part.