## WICHITA FARM LIGHTING CO. v. MOORE.

### No. 3728.

Court of Civil Appeals of Texas. Amarillo. Feb. 3, 1932.

R. D. Oswalt, of Crowell, for appellant.

Jesse Owens, of Vernon, for appellee.

JACKSON, J.

The plaintiff, Wichita Farm Lighting Company, a corporation, instituted this suit in the county court of Foard county, Tex., against the defendant, S. Moore, to recover $367, with interest and attorney's fees, evidenced by a note executed by the defendant on March 27, 1928, and payable to plaintiff one year after date.

The plaintiff alleged that, if the fraud and failure of consideration set up by the defendant were found to be such as would defeat its recovery on the note, it pleaded in the alternative that on March 27, 1928, the defendant entered into a written contract with plaintiff by the terms of which the defendant purchased a carbide lighting plant for the sum of $367; that the lighting plant was delivered to the defendant and installed upon his farm; that said contract retained a lien on the lighting plant, and prayed for a foreclosure of its lien and for such other and further relief as it was entitled to in law or in equity.

A copy of the contract was attached to and made a part of plaintiff's petition.

The defendant answered by general demurrer, general denial, and set up as a defense:

That, prior to the execution of the note, the plaintiff's agent proposed to install the lighting plant on defendant's farm for use as a demonstrating plant, provided the defendant would pay the expense of installation and would, if satisfied that the plant was successful, assist plaintiff by furnishing information as to the financial responsibility of prospective purchasers in the county. That it was agreed that the defendant should not pay plaintiff any money, but the defendant was to receive a commission of $10 on each plant sold in the county, so long as the plaintiff operated therein. That the lighting plant installed on the defendant's farm was to remain the property of the plaintiff until said commissions amounted to a sufficient sum to pay therefor, and, in the event the commissions never were sufficient to satisfy the consideration for the plant, it should be returned to plaintiff at its cost. That the defendant accepted plaintiff's proposition, paid the cost of installing the plant, and furnished the plaintiff the information relative to the financial responsibility of prospective purchasers as it required.

That, after the plant had been installed on defendant's farm and eight other plants sold in the county, for which defendant received credit as per the contract, plaintiff discontinued business in the county, and on March

27, 1928, thereafter, the agent of plaintiff represented to defendant that, in order for the agent to make an accounting with the home office, it was necessary for the defendant to execute the note sued on, but promised and agreed in an instrument in writing that said note would never be presented for payment; that said written instrument was a part of said note and was attached thereto, reciting that the note was for the purpose of an accounting at the home office; that said note would be returned to defendant, and, if the commissions never amounted to a sum sufficient to pay for the plant, it should be returned to plaintiff at its cost. That said written agreement had been detached from said note and was a material alteration of the note and contract and rendered the note void. That the plaintiff, by detaching such written instrument from said note, was guilty of fraud, and that such fraudulent acts and representations were done for the purpose of defrauding the defendant. That the defendant had offered to return the lighting plant to the plaintiff, but it had refused to accept it. That, in view of the facts pleaded, the consideration for the note had failed, and asked that the note and contract be canceled and rescinded.

The case was tried before the court without the intervention of a jury and judgment rendered that plaintiff take nothing by its suit, from which judgment this appeal is prosecuted.

■■ Appellant assigns as error the action of the trial court in admitting testimony of the fraudulent representations made by the agent of plaintiff to the defendant and in permitting the defendant to testify that a written contract had been entered into at the time of the execution of the note and attached to and made a part thereof and thereafter detached by the plaintiff.

The contract alleged by the plaintiff refers to the note as evidencing the consideration for the plant, and provides, among other things, that such contract cannot be canceled, altered, or modified by either party, except by a further agreement in writing, signed by both parties.

■ The pleading and testimony showing that, in addition to the note and contract alleged by plaintiff, there was a written agreement, signed by the parties, which was a part of the note, these assignments are not tenable. It appears that there was a material alteration in the note which would bar a recovery thereon. Landon v. Halcomb (Tex. Civ. App.) 184 S. W. 1098; 2 Tex. Jur., page 701.

The appellant challenges as error the action of the trial court in entering judgment that it take nothing by its suit, because, if not allowed to recover on its note and con-

tract, it was entitled to recover title and possession of the lighting plant.

It will be noted that the defendant alleged that the written instrument attached to the note provided that the note would not be presented for payment, but that, if the plaintiff discontinued business in the county and the note was not paid by the commissions earned by the defendant, the plant would be returned to plaintiff at its cost. Under the record, and according to the defendant's contentions, the plaintiff should have recovered a judgment for title and possession of the lighting plant on the defendant's farm and been given authority to remove it therefrom.

■ It is also the law in this state that, as a condition precedent in granting relief by the cancellation of an instrument, the original status must be restored. There are certain exceptions to this rule, but they are not applicable to this case. 7 Tex. Jur. p. 958; McDonald et al. v. Simon et ux. (Tex. Com. App.) 280 S. W. 571.

The defendant sought no damages for the breach of the contract, if any, by the plaintiff, nor for the fraud practiced on him, nor is there pleading or proof as to the rental value of the plant, if any. There is no testimony that the plant is worthless nor how many of the different parts thereof are in a condition to be restored.

The judgment is therefore reversed, and the cause remanded.