**TOLER et al. v. FERTITTA.**
No. 1735—6166.

Commission of Appeals of Texas, Section A.
Jan. 24, 1934.

A. L. Shaw, of Beaumont, for plaintiffs in error.

Howth, Adams & Hart and Elton Cruse, all of Beaumont, for defendant in error.

CRITZ, Judge.

This suit was filed in the district court of Jefferson county, Tex., by Sam Fertitta against Maud Toler and her husband, Walter Toler. The petition in the district court was in statutory form of trespass to try title to lot 8, in block 1, Bettie J. addition to the city of Beaumont in Jefferson county, Tex. The defendant answered by plea of not guilty. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for the Tolers. On appeal to the Court of Civil Appeals by Fertitta, that court affirmed the judgment of the trial court in part, and reversed and rendered it in part. In effect, the judgment of the Court of Civil Appeals awarded Sam Fertitta and Mrs. Toler each an undivided one-half interest in the lot in question. The judgment of the Court of Civil Appeals also awarded Sam Fertitta a judgment fixing a lien on Mrs. Toler's one-half interest in the lot for $28.47, with legal interest, for one-half taxes paid by Fertitta on the entire lot. 43 S.W.(2d) 467. The Tolers bring error.

It appears from the record that Mrs. Toler has been twice married. Her former husband was one E. A. Le Roy. Her present husband is Walter Toler. On November 30, 1922, while Mrs. Toler was the wife of Le Roy, and while the lot in question was the homestead of E. A. Le Roy and Mrs. Toler, his then wife, E. A. Le Roy executed and delivered to C. W. Howth and Sam Fertitta an instrument, in form a general warranty deed, whereby the said Le Roy purported to convey to Howth and Fertitta the lot in question. Mrs. Toler, then the wife of E. A. Le Roy, did not join in this deed. The deed recited a consideration of $200 paid and secured to be paid by the grantees. Later Howth conveyed his interest in the lot to Fertitta. The title of Fertitta depends on the deed from E. A. Le Roy. In this connection it appears that the deed from Le Roy to Howth and Fertitta, though in form a general warranty deed as above shown, was in truth and in fact intended as a mortgage to secure a debt.

After the execution and delivery of the deed from E. A. Le Roy to Howth and Fertitta, the Le Roys were divorced, and Mrs. Le Roy married her present husband, Walter Toler. She is the Maud Toler who is plaintiff in error here. The divorce decree between the Le Roys made no disposition of this lot. After the divorce decree, E. A. Le Roy died, but he lived on this property until his death. Shortly after Le Roy died Mrs. Toler resumed occupancy of the lot with her second husband as her homestead, and she has so occupied it ever since.

The Court of Civil Appeals bases its holding that Fertitta should recover an undivided one-half interest in this property on the following conclusions: (1) That prior to the divorce of E. A. Le Roy and his then wife, Maud Le Roy, now Maud Toler, the property in question was the community property of the two spouses; (2) that, when the marriage of said spouses was dissolved by divorce, no disposition being made of the property in the divorce decree, the community estate in this property ceased to exist, and they became tenants in common therein; (3) that the deed from E. A. Le Roy to Howth and Fertitta, though to the homestead, not joined in by the wife, and intended as a mortgage, was not absolutely void, but became effective to convey E. A. Le Roy's undivided one-half interest after the divorce above mentioned.

We agree to the conclusions 1 and 2 above, but we think conclusion 3 is error. It is settled as the law of this state that the bona fide deed of the husband, not joined in by the wife, to the homestead, is not always an utter nullity, because it may become effective to some extent by the happening of certain subsequent events. Marler v. Handy, 88 Tex. 421, 31 S. W. 636; Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770; McDonald v. Simons (Tex. Com. App.) 280 S. W. 571. Divorce may be such an event. Kirkwood v. Domnau, supra.

On the other hand, it is equally the settled law of this state that any attempt to create a lien or mortgage on a homestead to secure a debt, regardless of the method or form used, except for the things provided by the Constitution, is an utter nullity, and never becomes effective to any extent. This is the rule whether the instrument be executed by the husband alone or together with the wife. Also this rule applies to all pretended sales of the homestead involving any condition of defeasance. Article 16, § 15, Texas Constitution. Rich v. Walker Smith Co. (Tex. Com. App.) 57 S.W.(2d) 1098; Inge v. Cain, 65

Tex. 75; 22 Tex. Jur. pp. 156–7, par. 109, and authorities there cited. As said by Judge Robertson, speaking for the Supreme Court in Inge v. Cain, supra, "what cannot 'ever be valid,' is never valid, and what is never valid, is always void."

In the case at bar Fertitta is the plaintiff, and must establish his right to recover this lot or some part thereof. If he has any right, it is by virtue of the purported deed from E. A. Le Roy to Howth and Fertitta. As already shown, this instrument, though in form a deed, was intended as a mortgage to secure a debt. The property was the homestead at the time the deed was executed and delivered. Such being the case, the deed was never valid, and can never become valid. It is therefore always void. Being always void, it conveyed no right whatever, and can never do so. It follows that this deed can never form the basis of any right in Fertitta. This disposes of the case as to the lot.

 Without expressing an opinion as to the sufficiency of Fertitta's pleadings as to a lien for taxes paid by him, we also disagree with the holding of the Court of Civil Appeals to the effect that Fertitta should recover a lien for such taxes so paid. Fertitta was fully apprised of the fact that the deed from Le Roy was a mortgage on the homestead, and so intended. He was therefore charged in law with absolute notice that his deed was utterly void. His payment of taxes to preserve an asserted right that he knew was utterly void entitles him to no consideration for doing so. He had no interest in this property, and well knew it. Such being the case, he was a pure volunteer in paying such taxes.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed, as recommended by the Commission of Appeals.