January 13, 1939

Mr. E. J. Garvey
County Auditor,
Bexar County
San Antonio, Texas

Dear Mr. Garvey:

Opinion No. O-74
Re: What statute governs
the management and
operation of the
Robert B. Green
Hospital, San Antonio

Your request for an opinion on the following
questions has been received by this office:

"First, Does Bexar County fall with-
in the terms of Article 4437a, (Acts of
1927, 40th Leg., p. 322, ch. 219), a
special statute governing counties hav-
ing a population of 210,000 inhabitants
as shown by the census of 1920, or is it
governed by the general statute, Article
4479 (as amended by Acts 1927, 40th Leg.,
p. 265, ch. 189, Sec. 1?)

"Second: Assuming that Bexar County
falls within the terms of the special sta-
tute, Article 4477a, is the statute render-
ed invalid in its application to Bexar
County for any of the following reasons:

"1. By reason of the fact that the
term 'census of 1920' is too vague, in-
definite and uncertain as a standard of
classification, since it does not specify
what census is to be used as a standard.

2. By reason of the fact that, since it is limited to counties having a population of 210,000 in 1920, thus precluding its application to others subsequently attaining that population, it contravenes the constitutional prohibition against local and special legislation.

"Third: Assuming that Bexar County fell originally within the terms of the general statute, Art. 4479, because it did not have a population of 210,000 in 1920, would it subsequently be removed from the operation of Article 4479 and placed within the scope of 4437a by reason of the fact that its population later exceeded 210,000?"

In reply to your first question, it is our opinion that Bexar County, having a population in 1920 of 202,096 inhabitants, would fall within the terms of Article 4479 (as amended by Acts 1927, 40th Legislature, page 628, Chapter 189, Sec. 1.)

The aim and object of construing legislation is to ascertain and enforce the legislative intent.

"The intention of the Legislature in enacting a law is the law itself," "the essence of the law" and "the spirit which gives life to the enactment." 39 Tex. Jur. p. 66, Popham vs. Patterson, 51 SW (2) 680; Schleider vs. Board of Trustees, 50 SW (2) 264; Morton Salt Co. v. Wells, 35 SW (2) 454.

It is clear, we think, that the intention of the Legislature was that only counties having a population of 210,000 inhabitants in 1920 were to be governed by Article 4437a (Acts of 1927, 40th Legislature, p. 322, Chap. 210).

We believe this also answers your third question. The fact that a county's population might later exceed 210,000 inhabitants would not bring said county within the terms of Article 4437a. Said county must have had a population of 210,000 inhabitants, as shown by the census of 1920.

Under this opinion, we do not believe it is necessary to answer your second question, due to the fact that in any event Bexar County is not governed by Article 4437a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Claude Cheatham_
Assistant

COB:MR

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS