

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                Opinion No. O-5843
                         Re:  Does Article XII, H.B. 8, Acts
                              of Regular Session of the 47th
                              Legislature, 1941, providing
                              for a tax on cement, apply to
                              interstate sales and sales to
                              a foreign country?

        In your letter of March 25, 1944, you say that
Subsection (a) of subdivision 41 of H. B. 251, Ch. 212, Acts
of the Regular Session of the 42nd Legislature, 1931, has
been amended by Article XII of H. B. 8, Ch. 184, Acts of the
Regular Session of the 47th Legislature, 1941, by omitting
certain words in the original Act, and request our opinion
as follows:

        "Please tell me if the tax will accrue
on interstate sales or sales to a foreign country."

        Article I, Section VIII, subdivision 3 of the
Constitution of the United States provides that "The Con-
gress shall have power . . . to regulate commerce with
foreign nations, and among the several states, and with the
Indian tribes."

        Subsection (a) of subdivision 41 of H. B. 251,
Chapter 212, Acts of the 42nd Legislature, Regular Session,
1931, provided:

        "There is hereby imposed a tax of one
and one-fourth (1 1/4c) cents on the one hundred
(100) pounds, or fractional part thereof, of
cement on every person in this State manufactur-
ing or producing in and/or importing cement into
this State, and who thereafter distributes, sells
or uses the same in intrastate commerce. Said

ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

200.

Hon. George H. Sheppard - Page 2

tax shall accrue on and is imposed on the first intrastate distribution, sale or use; provided, however, no tax shall be paid except on one sale, distribution or use. The person liable for said tax is hereby defined to be a 'distributor.'"

Subsections (b), (c), (d) and (e) provide, respectively, for the time of payment of the tax, the reports to be made to the Comptroller, the records to be kept by the "distributor", and the civil and criminal penalties to be assessed against any person violating any provision thereof.

Subsection (f) provides:

". . . No tax shall be imposed upon any interstate sale or transaction, nor upon any sale, distribution or use exempt under either the State or Federal Constitutions, and no other like occupation tax shall be imposed by any municipal corporation on cement."

Subsection (a) was amended by Article XII of H. B. 8, Chap. 184, Acts of the Regular Session of the 47th Legislature, 1941, so as to thereafter read as follows:

"There is hereby imposed a tax of two and one half (2 1/2) cents on the one hundred (100) pounds, or fractional part thereof, of cement on every person in this State manufacturing or producing in and/or importing cement into this State, and who thereafter distributes, sells or uses; provided, however, no tax shall be paid except on one sale, distribution or use. The person liable for said tax is hereby defined as a 'distributor', to be allocated as hereinafter provided."

The amendatory act made three material changes in the original act, as follows:

1. The tax was changed from one and one-fourth (1 1/4c) cents to two and one-half (2 1/2) cents on the one hundred (100) pounds, or fractional part thereof, of cement . . .

2. The following words in the original Act were omitted in the amendatory act: "the

same in intrastate commerce. Said tax shall accrue on and is imposed on the first intrastate distribution, sale or use."

3. The amendatory act added for the first time the following words after the word "distributor" in the last sentence of subsection (a): "to be allocated as hereinafter provided."

For convenience, we have underscored all of the above changes in the original and amendatory acts as copied above. Article XII of H. B. 8, supra, did not amend any subsections of the original act, except subsection (a).

Manifestly subsection (a) of the original act did not impose a tax on interstate sales or sales to a foreign country, but by its express terms limited the tax to "every person in this State manufacturing or producing in and/or importing cement into this State, and who thereafter distributes, sells or uses the same in intrastate commerce." Again such subsection says: "Said tax shall accrue on and is imposed on the first intrastate distribution, sale or use . . ." All of the underscored words above were omitted in the amendatory act. The only other expression of the legislative intent upon this question is found in subsection (f) of the original act, which reads as follows: "No tax shall be imposed upon any interstate sale or transaction . . ." This subsection has never been amended.

"Ordinarily, the mere fact that significant words are omitted from the re-enactment or amendment of a statute imports a conclusive presumption that the Legislature intended to exclude the object theretofore accomplished by the abandoned words." San Marcos Baptist Academy v. Burgess, 292 S. W. 626, In American Surety Co. of New York v. Axtell Co., 36 S. W. (2) 715, the Commission of Appeals, speaking through Judge Short, said: "It will be presumed that the Legislature, in adopting the amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment."

As stated above, the amendatory act changed the rate from one and one-fourth (1 1/4¢) to two and one-half (2 1/2) cents, and omitted "significant words" which limited the tax to

Hon. George H. Sheppard - Page 4

intrastate distributions, sales or uses. Effect is given to
the change in the rate, because the legislative intention is
clear upon that point; but can we say it is equally clear that
the Legislature intended, by the amendment of subsection (a)
only, to impose a tax on interstate sales of cement, or sales
thereof made to foreign countries? We think not.

If it were not for the fact that subsection (f) was
not amended, we would say that it was quite obvious that the Legis-
lature intended, in adopting the amendment, to make some change in
the existing law with reference to the taxability of sales and
distributions made in interstate commerce and to foreign coun-
tries, and we would endeavor to ascertain its intention and give
effect thereto. But it is a cardinal rule of statutory con-
struction that effect must be given to the whole statute and every
part thereof. Tide Water Oil Co. v. Bean, 118 S. W. (2) 358.
"The original section as amended and the unaltered sections of
the act . . . are to be read together." Vol. I, Sutherland
Statutory Construction, 3rd Edition, page 431.

In American Surety Co. of New York v. Axtell Co.,
36 S. W. (2) 715, 719, the court said:

"To arrive at the intention of the Legis-
lature, in enacting the amendment of 1927, to Article
5160, which was the original act of the Legislature
on this subject, it is the duty, of course, to look
primarily to the act itself as an entirety; and to
understand the legal effect of the amendment enacted
by the Legislature, it must be considered in connec-
tion with the original act, and that which had been
done thereunder. A particular section of an act of
the Legislature, when enacted, must be construed in
view of the existence of the original statute as it
stands after the amendment is introduced; it and all
sections of the old law must be regarded as a harmon-
ious whole, as connected with and naturally acting
upon each other. Shipley v. School District (Tex.
Com. App.) 250 S. W. 159, 160; Cole v. State, 106
Tex. 472, 170 S. W. 1036."

When we view the original statute as it stood after
the amendment was adopted and apply the foregoing rules of sta-
tutory construction, we find only one expression of the legislative
intent upon our question, namely, that "no tax shall be imposed
upon any interstate sale or transaction."

Hon. George H. Sheppard - Page 5

We answer your question, no; the tax will not accrue on interstate sales or sales to a foreign country.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Thos. B. Duggan, Jr.
Assistant

TBD:BT

APPROVED APR 25, 1944

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN