Robert E. WOOD, Appellant,

v.

Carl SELF, Appellee.

No. 16078.

Court of Civil Appeals of Texas.

Dallas.

Nov. 9, 1962.

Evans, Pharr, Trout & Jones, and Bobby J. Moody, Lubbock, for appellant.

LaVergne Guinn, Dallas, for appellee.

DIXON, Chief Justice.

Robert E. Wood has appealed from an order overruling a plea of privilege whereby he sought to have a suit transferred from Dallas County to Lubbock County for trial.

Appellee Carl Self, himself a resident of Lubbock County, brought suit in Dallas County against three defendants: Robert E. Wood, also a resident of Lubbock County, Maywood Furniture, Inc., a corporation, with its office and principal place of business in Dallas County, and College Furniture Manufacturers, an association with headquarters in Lincoln, Nebraska, but with an agent in Keene, Texas.

In his unsworn petition Self alleged that he was about to re-enter the retail unpainted furniture business in Lubbock provided he could purchase stocks of unpainted furniture from Maywood Furniture Company, Inc., and College Furniture Manufacturers. Accordingly he placed orders with the two last named companies. The orders were not filled. Self heard nothing from College Furniture Manufacturers, but he received a letter from Maywood Furniture Company, declining to fill his order.

A copy of the alleged letter is attached to appellee's petition as an exhibit. The letter is signed "Lewis" by one Lewis Ratinoff, purportedly in behalf of Maywood Furniture Company, Inc. In substance the alleged letter states that Maywood Furniture Company has decided that it will not ship the merchandise Self had on order. This decision was reached because Robert E. Wood, also in the retail furniture business in Lubbock, had delivered an ultimatum to Maywood Furniture Company, Inc. either to sell to Self or to Wood, but not to both. Maywood Furniture Company in the face of this ultimatum had decided to sell only to Wood rather than to lose the Wood account by also selling to Self. Self pled conspiracy among the three defendants in restraint of trade, and wrongful interference by Wood with contracts between Self and the other two defendants. He also pled several items of damage resulting from the alleged wrongful conduct of the defendants.

These allegations were repeated in substance in Self's controverting affidavit, which incorporated the original petition by reference.

But what of the evidence offered in support of the above pleadings? At the hearing on the plea of privilege Self without objection introduced in evidence plaintiff's original petition, with the exhibit attached thereto, and his controverting affidavit. The parties stipulated that Maywood Furniture Company, Inc., is a corporation with its office and place of business in Dallas, Dallas County, Texas and is a resident there.

No other evidence was introduced by plaintiff or defendants.

## OPINION

In three points on appeal appellant contends that the trial court erred in overruling his plea of privilege because (1) plaintiff failed to prove by competent evidence that he had a cause of action against the defendant, Maywood Furniture Company, Inc., the only defendant alleged to be a resident of Dallas County; (2) plaintiff failed to prove that his cause of action against Maywood Furniture Company, Inc. was the same kind of action or was so closely connected with the case against Robert E. Wood that the two defendants might properly be joined in the same suit in Dallas County; and (3) plaintiff failed to prove by competent evidence that his alleged cause of action comes within one of the venue exceptions of Art. 1995, Vernon's Ann.Civ.St.

Appellee contends that the case falls within subds. 4 and 23 of Art. 1995, V.A. C.S. therefore the trial court properly overruled appellant's plea of privilege.

To sustain venue under subd. 4 a plaintiff must (a) plead a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action against the nonresident defendant that the two causes may be joined under the rule preventing a multiplicity of suits; (b) he must plead and prove by competent evidence that one of the defendants is a resident of the county where venue is claimed; and (c) he must plead and prove by competent evidence a cause of action against the resident defendant. Stockyards Natl. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Kirksey v. Warren, Tex.Civ.App., 348 S.W.2d 33; 43-B Tex.Jur. 433.

As to the above requirement (a), the plaintiff's petition alone may be looked to in order to establish nature of the suit. Appellee's petition meets this requirement. Appellant's second point on appeal is overruled.

As to requirement (b), the stipulation entered into between the parties as to the residence of Maywood Furniture Company, Inc. meets the requirement.

But as to requirement (c), we must hold that the plaintiff Self has failed to establish by competent evidence a cause of action against Maywood Furniture Company, Inc. the defendant resident of Dallas County.

Plaintiff introduced in evidence his petition with the attached exhibit, and his controverting affidavit. No other evidence was introduced to support his cause of action against Maywood Furniture Company, Inc. Pleadings, including sworn pleadings, are hearsay. Fertitta v. Toler, Tex.Civ. App., 43 S.W.2d 467 (reversed on other grounds, Tex.Com.App., 67 S.W.2d 229); Owens v. Jackson, Tex.Civ.App., 35 S.W.2d 186; Hargis v. Moxon, Tex.Civ.App., 34 S.W.2d 353; 24 Tex.Jur.2d 68; 31 C.J.S. Evidence § 194, pp. 930–932.

Unless it comes within one of the exceptions to the hearsay rule, hearsay evidence has no probative force, even when it is admitted without objection, as it was in this case. Texas Company v. Lee, 138 Tex. 167, 157 S.W.2d 628; Knapik v. Edison Bros. Inc., Tex.Civ.App., 313 S.W.2d 335, 337; 24 Tex.Jur.2d 89. Appellee's

pleadings including the attached unauthenticated copy of a letter as an exhibit do not constitute evidence. Whitehead v. City Natl. Bank, Tex.Civ.App., 140 S.W.2d 967; Yantis v. Gilliam, Tex.Civ.App., 62 S.W.2d 173; Jones, et ux. v. Womack-Henning & Rollins, Inc., Tex.Civ.App., 53 S.W.2d 635 (Syl. 4). Appellant's first point on appeal is sustained.

Under the circumstances of this case appellee Self is not entitled to maintain venue in Dallas County under subd. 23 of Art. 1995, V.A.C.S. For one reason, he has failed to prove a cause of action against Maywood Furniture Company, Inc., the resident corporation defendant. Lloyds Casualty Inc. v. McCrary, 149 Tex. 172, 229 S.W.2d 605. Appellant's third point on appeal is sustained.

The judgment of the trial court is reversed and judgment is here rendered for appellant sustaining his plea of privilege with instructions to the trial court to order the cause transferred to Lubbock County for trial.