Larry J. HILL and Wife, Linda Hill, Appellants,

v.

William D. WATTS, Appellee.

No. 09–89–211 CV.

Court of Appeals of Texas, Beaumont.

Nov. 8, 1990.

Rehearing Denied Nov. 29, 1990.

John H. Seale, Seale, Stover, Coffield, Gatlin & Bisbey, Silsbee, for appellants.

Jon B. Burmeister, Denise Hubbard, Moore, Landrey, Garth & Jones, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

 This is a lawsuit which was filed by Larry J. Hill and wife, Linda Hill, to set aside a conveyance of approximately 26 acres with improvements to William D. Watts, appellee herein. Trial was had before a jury and the trial court rendered judgment setting aside the deed and awarding title to and possession of the land and home to the Hills, along with furniture and other belongings situated on the premises, and rendered an award of rental value in an amount found by the jury. Appellants are not before us contesting that particular part of the judgment, which has now become final because no appeal was taken by appellee William D. Watts.

This case is before us on appeal by appellants asserting only one point of error which contends that the trial court erred in allowing appellee credit for payments of taxes made by him, as he was not a good faith claimant to the property and therefore his payments are deemed to be the voluntary acts of a stranger and he is not entitled to reimbursement.

The judgment allowed appellee a credit for payments by him of certain ad valorem taxes and the payment for the release of an IRS lien upon the property. This action by the trial court resulted in the Hills obtaining a money judgment for only $47,269.08 rather than the $91,587.45 to which they were entitled under the verdict of the jury for rental value. Contending that the trial court erred, the appellants have perfected their limited appeal under Tex.R.App.P. 40(a)(4), complaining only of the trial court's action in rendering a money judgment for only the amount above stated.

Although the facts leading up to this litigation are absolutely intriguing, we find no need in reciting same. Suffice it to say that based upon the jury's answers to spe-cial questions, the parties stipulated that these special questions were deemed to submit the necessary elements of fraud sufficient to set aside the deed from appellant Larry J. Hill to appellee, William D. Watts. In other words, appellee defrauded appellant into executing a deed to appellee.

Threshold question: "Did appellee, through his fraudulent conduct, obtain a void or voidable title to the property?"

If title was void, then the payment of taxes and the IRS lien by appellee makes him nothing more than a volunteer entitling appellee to no credit on the judgment. *See, Toler v. Fertitta*, 67 S.W.2d 229 (Tex. Comm'n App.1934).

If title was only voidable as to appellee, the appellee is entitled to reimbursement by virtue of a subrogation interest. *See, Galbraith Foxworth Lumber Co. v. Long*, 5 S.W.2d 162, 167 (Tex.Civ.App.—Dallas 1928, *writ ref'd*).

Our question is answered in *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex.1976):

> Deeds procured by fraud are voidable only, not void, at the election of the grantor. It is settled that such a deed is valid and represents prima facie evidence of title until there has been a successful suit to set it aside.

Thus, we hold that appellee possessed a voidable title to the subject property which became void only through and upon finality of judgment.

This holding of necessity declares a voidable interest in appellee to the property at the time of payment of the taxes and the IRS lien. This makes appellee more than a mere volunteer and the equitable principle of subrogation entitles appellee to other reimbursement or credit against the judgment. The trial court was correct in allowing appellee this off-set.

"The doctrine of subrogation is given a liberal application, and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter." *For-*

*ney v. Jorrie,* 511 S.W.2d 379, 386 (Tex.Civ. App.—San Antonio 1974, *writ ref'd n.r.e.*).

For reasons stated, we overrule appellant's point of error and affirm the trial court's judgment.

AFFIRMED.